JAMES C. SLOO, Administrator of the estate of William
Castles, deceased, Plaintiff in Error, *v.* ORVAL POOL, Defend-
ant in Error.

ERROR TO GALLATIN.

A surety may enforce contribution from a cosurety without showing the insol-
vency of the principal.

Where a creditor does not exhibit his claim within two years from the grant-
ing of letters of administration, he cannot participate in that portion of the
estate which was inventoried or accounted for during that period. Such
creditor must be satisfied out of estate subsequently discovered.

If an administrator does not return an inventory of the real estate of the in-
testate within two years, such creditor may share in the proceeds thereof.

THIS cause was heard at October term, 1853, of the Gallatin
Circuit Court, before MARSHALL, Judge.

N. L. FREEMAN, for plaintiff in error.

HUGH B. MONTGOMERY, for defendant in error.

TREAT, C. J.   In July, 1841, Robert Castles, as principal,
and William Castles and Orval Pool, as sureties, executed a
joint and several promissory note to the Bank of Illinois.   In
August, 1852, Pool paid the note in full.   William Castles was
dead; and his administrator had been qualified more than two
years.   On the 5th of October, 1852, Pool filed a claim in the
county court against the estate of William Castles, for contri-
bution on account of the payment of the note.   The adminis-
trator did not file an inventory of the real estate of William
Castles until the 1st of November, 1852.   The county court
disallowed the claim, and the case was removed into the circuit
court.   That court rendered judgment against the adminis-
trator for one half of the amount paid by Pool, to be discharged
in due course of administration, out of any assets discovered
subsequent to the 5th of October, 1852.   It did not appear
whether Robert Castles was solvent or not.

It is insisted that a surety cannot enforce contribution from
a cosurety, without showing the insolvency of the principal.
This may be the doctrine of courts of equity, but it is not the
rule at law.   In Cowell *v.* Edwards, 2 Bos. & Pull. 268, Lord
Eldon expressed the opinion that a surety might maintain an
action for contribution against a cosurety, without proving

the insolvency of the principal debtor; and that opinion does not appear to have been questioned in the English courts. It has been followed in this country in the cases of Odlin *v.* Greenleaf, 3 New Hamp. 270; Roberts *v.* Adams, 6 Porter, 361; and Judah *v.* Micure, 5 Blackf. 171. The Kentucky courts hold that a surety cannot compel contribution, unless the principal is insolvent. But the rule laid down by Lord Eldon is best supported by authority, and more consistent with legal principles. Sureties are individually liable to the creditor. But one is as much bound to discharge the debt as another. If the creditor endeavors to enforce payment from them, it is, as between themselves, the duty of each to pay an aliquot portion of the debt. If that is not done, and one is compelled to pay the whole, he is entitled to contribution from the others in the same proportion. The law implies an agreement between them, when they become responsible to the creditor, that if one shall be compelled to pay the debt, the others will contribute, so as to make the burden equal. If one pays the whole debt, he has a cause of action against the others, to recover their just proportions, as so much money paid to their use. His right to contribution is complete as soon as he pays the debt; and he may at once call upon his cosureties to bear the common burden with him. At law, he cannot sue two or more sureties jointly, but he must sue each separately. And he can only recover from one an aliquot proportion of the debt, to be ascertained by the number of sureties, without regard to their solvency. But in equity, relief is granted between sureties on the principle of equality applicable to a common risk; and if one of them is insolvent, the loss is apportioned among the others. 1 Story, Eq. § 496; Chitty on Cont. 471; Theobald on Principal and Surety, 196. In the present case, the sureties were individually liable for the debt. The bank might have sued either of them separately, and compelled him to pay the entire debt. But as between themselves, each was bound to pay one half of the note. Pool advanced a moiety for the use of the estate of his cosurety; and he was clearly entitled to a judgment against the administrator for that amount, without any reference to the ability of the principal.

As Pool did not exhibit his claim within two years from the grant of letters of administration, he is precluded by the statute of limitations from any participation in that portion of the estate of William Castles which was inventoried or accounted for by the administrator during that period. His judgment can only be satisfied out of estate discovered or inventoried after the expiration of the two years. Thorn *v.* Watson, 5 Gilman,

26; Judy v. Kelley, 11 Illinois, 211; The People v. White, Ib. 341. The statute makes it the duty of an administrator, within three months after his appointment, to return to the probate court a full and perfect inventory of the real and personal property of the intestate. R. S. ch. 109, § 81. The administrator of William Castles did not return an inventory of the real estate within two years from the grant of administration. The real estate was therefore not inventoried or accounted for during that period of time; and Pool is consequently entitled to participate equally with the other creditors in the proceeds thereof. He is also entitled to share in the proceeds of any personal estate discovered or inventoried after the expiration of the two years. The court erred in confining Pool, in the satisfaction of his judgment, to assets discovered or inventoried subsequent to the filing of the claim. But this error cannot operate to the prejudice of the administrator. Pool alone has reason to complain.

The judgment is affirmed.

*Judgment affirmed.*