GROSS *v.* DAVIS, Adm'r.

*(Nashville.*    January 19, 1889.)

I. CONTRIBUTION AMONG SURETIES.    *Rules of, in equity.    Pleading.*

  I. In a suit in equity by a surety against his co-sureties for contribution, only the solvent sureties are taken into account.
  (Riley *v.* Rhea, 5 Lea, 116.)

  II. A surety who has paid less than his ratable share of the joint liability cannot enforce contribution, even against co-sureties who have paid nothing.

  III. The *proper method* of contribution among sureties is to divide the entire joint liability—whether paid by one or more—by the number of solvent sureties, and charge each with his share thus ascertained, and credit him by entire amount of his payments.

  IV. A sueing surety, who has overpaid his share, may recover the excess of his co-sureties *equally*—there being no intervening equity—provided it subjects none of them to payment of more than his proper share of the entire joint liability.

  V. A defendant surety, who has overpaid his share, cannot recover the excess of his co-sureties, upon answer merely, without cross-bill.

2. SAME.    *Attorneys' fees.*

  Attorneys' fees incurred and paid by a surety, with consent of his co-sureties, in making a prudent defense, for the common benefit, constitute part of the joint liability, and are a proper matter for contribution.
  Case cited and approved: 56 Am. Dec., 102 (23 Vt., 581).

3. SAME.    *Costs.*

  Costs adjudged against the sureties jointly, in litigation touching the joint obligation, and paid by one of the sureties, are a proper matter for contribution.
  Case cited and aproved : 17 Maine, 64.

---

FROM  FRANKLIN.

---

Appeal from the Chancery Court of Franklin County.    W. S. BEARDEN, Ch.

ESTELL & WHITAKER for Gross.

MARKS & GREGORY and JOHN SIMMONS for Defendants.

CALDWELL, J. This is a bill for contribution among sureties.

In April, 1860, John G. Enochs was qualified as Clerk of the County Court of Franklin County, with Gross, Henderson, Colyar, Slatter, and others as sureties on his official bond.

After the close of the war several suits were instituted against him and his sureties. One of those suits finally resulted in a decree, in this Court, against the defendants for about $800, besides costs. The others were successfully defended.

Gross paid the greater part of the decree mentioned, including $130 Court costs. The other part of that decree was paid by Davis, as personal representative of Slatter, who had died.

Enochs, the principal, and all the sureties, except those above named, were insolvent when the present proceedings were commenced, and for that reason were not made parties.

In his answer Davis set up the fact of the payment made by him on the decree, and insisted that the estate of his intestate was thereby discharged from further liability.

Henderson claimed in his answer that he had paid for himself and co-sureties more than $1,000

in fees to lawyers, for defending the several suits brought against them and Enochs.

Colyar made no defense, and decree *pro confesso* was taken against him.

The Chancellor adjudged that Gross was entitled to recover from Davis, Henderson, and Colyar, each, one-fourth of the sum he had paid, with interest, making the recovery against each of the three $210.06. He then adjudged that Davis was entitled to a credit on the recovery against him by the amount of one fourth of the sum which Davis had paid, with interest. That credit being $48.04, the net balance of the recovery against Davis was $162.02. Nothing was allowed Henderson on account of attorneys' fees claimed to have been paid by him.

Both Davis and Henderson have appealed.

The decree is erroneous. It proceeds upon the idea that *every surety* who has paid a part of the joint liability may recover from each of his co-sureties his proportionate part of the sum so paid.

As applied to a case where the whole liability has been discharged by *one* of several sureties, the rule adopted by the Chancellor is correct; but it is not applicable when more than one of the sureties have made payments on the joint indebtedness. In the latter case all payments must be added together, and the aggregate divided equally among the sureties.

To illustrate: If the $840.24 paid by Gross had

discharged the whole liability, and none of the other sureties had paid any thing, he would be entitled to a decree against each of the other three solvent sureties for one-fourth of that amount, namely, $210.06. But as the Chancellor adjudged that Gross paid $840.24 and Davis $192.16, and that the other sureties had paid nothing, he should, in that case, have added those two sums together, and divided the aggregate of $1,032.40 into four equal parts of $258.10 each, and allowed contribution accordingly.

The decree thus indicated, upon the *data* used by the Chancellor, would have given Davis credit for the full amount paid by him, and settled the equities of all the sureties, instead of allowing him credit for only $48.04, and leaving him with a claim for the same amount against both Henderson and Colyar, as does the decree actually pronounced.

It is well settled that one surety may have contribution from his co-sureties only when, and to the extent that, he may have paid more than his ratable proportion of the joint liability. Brandt on Sur. and Guar., Sec. 251.

The very foundation of the doctrine is the fact that one has paid more and another less than his share. Hence Davis could not maintain a suit for contribution at all under the facts of this case. He could not recover from Henderson and Colyar the one-fourth of the amount he has paid. Yet

the decree leaves him with his claim therefor against each of them.

The decree of the Chancellor is erroneous not only in the result reached upon the assumption that only Gross and Davis had made payments on the joint liabilities, but it is also erroneous in that assumption itself; for it is distinctly proven that Henderson paid $1,087.60, for which all the sureties were legally bound to contribute. This sum includes principal and interest up to the time he gave his deposition, which, though in fact a little earlier, we treat as of the date of the decree below. This particular date for the addition of interest is adopted for convenience, because the sums already stated as having been paid by Gross and Davis, respectively, include interest up to the same date.

Then we find the fact to be that Gross paid $840.24, Davis $192.16, and Henderson $1,087.60, making a total of $2,120, one fourth of which is $530. The $530 represent the share of each of the four solvent sureties. This being a suit in equity the rate of contribution is determined according to the number of solvent sureties, and not by the number of sureties on the bond, as in an action at law. *Riley* v. *Rhea*, 5 Lea, 116; Brandt on Sur. and Guar., Sec. 252. In Chancery the insolvent principal and insolvent sureties are not even necessary parties. Brandt on Sur. and Gua., Sec. 256.

Henderson has paid more than his part; hence
no recovery can be had against him, and, notwith-
standing his excessive payment, he can have no
recovery in his favor in this proceeding for the
excess, because he set up his payment as a matter
of defense *only*, and did not seek any affirmative
relief against any one. Gross, however, having
filed his bill for that purpose, is entitled to con-
tribution from Davis, who has paid less than his
share, and from Colyar, who has paid nothing.
The amount paid by Gross in excess of his share
is $310.24. That, with interest from date of de-
cree below, he is entitled to recover from Davis
and Colyar—one-half from each. We say one-half
from each, because the bill treats these two de-
fendants as equally liable to the complainant, and
seeks the same decree against each of them. Such
expression in pleading, on the part of the com-
plainant, will be regarded, when there is no con-
travening equity.

The fact that Davis has already paid something
and that Colyar has paid nothing affords no rea-
son why Gross should not have an equal recovery
against each of them, for one-half the excess paid
by Gross and the full sum paid by Davis together
do not aggregate as much as $530, the share of
one surety in the whole liability discharged.

It has been argued in behalf of Gross that
the doctrine of contribution does not extend to
attorney's fees, and that, for that reason, the pay-

ment of $1,087.60 by Henderson was properly disregarded by the Chancellor.

In this view we cannot concur. Suits were commenced against Enochs and his sureties. The services of counsel were needed by the sureties, who made a common defense. Counsel were employed in the name of all the sureties, and rendered services for their mutual benefit. Gross knew this. He accepted the services, took an interest in the progress of the litigation, and distinctly agreed with his co-sureties, from time to time, that he would pay his share of the fees. These were the fees paid by Henderson.

The employment of counsel was not only prudent, but it was necessary, and probably resulted in saving the sureties large sums of money. A surety who pays fees under such circumstances is entitled to contribution the same as another surety who pays a judgment or decree recovered against them. By the authorities it is sufficient that the fees were incurred in making a prudent defense. *Fletcher* v. *Jackson*, 56 Am. Dec., 102 (23 Vt., 581); Brandt on Sur. and Guar., Sec. 247; 4 A. & E. Eve. of Law, 3, Note 1.

As against Gross it is insisted that the Chancellor erred in allowing him contribution for the $130 of Court costs which he paid. The decree in this respect was right. It has been well said by the Supreme Court of Maine that "the costs cannot be distinguished from the debt. Every

equitable principle which entitles the plaintiff to contribution for the one applies equally to the other." *Davis* v. *Emerson*, 17 Me., 64; Brandt on Sur. and Guar., Sec. 247.

Contribution was decreed as to traveling expenses in *Preston* v. *Campbell*, 3 Haywood, 20.

Let the decree below be reversed, and decree be entered here in accordance with this opinion. One-fourth of all costs in this cause will be paid by each of the four parties.