BOUTIN and others, Respondents, vs. ETSELL, Appellant.

*April 9 — April 30, 1901.*

*Appeal: Pleading: Action, at law or in equity? Sureties: Contribution: Attorney's fees: Evidence: Insolvency of principal: Practice: Assignment of judgment.*

1. Where a complaint states a plain cause of action at law, and was so treated by the parties on the trial, it will be so considered on appeal.
2. Where there were eleven sureties on the bond of a defaulting treasurer, and four of them effected a compromise of a judgment on the bond against all, and settled with the county by paying a less sum than the face of the judgment, they can compel a co-surety who is solvent and within this state to contribute his proportionate share of the amount paid in settlement, although the paying sureties had paid no more than their proportionate share of the original judgment. .
3. The recovery in such case may include the proportionate part of reasonable attorney's fees and expenses, prudently incurred by the plaintiffs for the common benefit of all the sureties. *Shepard v. Pebbles*, 38 Wis. 374, distinguished and limited.
4. The finding of a jury will be sustained where there is at least some evidence to support the conclusion reached, and counsel do not deem the point of sufficient importance to point out its weakness.
5. In an action at law by sureties to compel contribution by a co-surety, no evidence nor finding as to the insolvency of the principal is necessary. Such fact need neither be averred nor proved.
6. The fact that the sureties on a defaulting county treasurer's bond settled with the county, and took an assignment instead of a satisfaction of the judgment, does not prejudice a co-surety sued for contribution, there being no attempt to recover the face of the judgment, but only such sum as the plaintiffs paid to settle the claim.
7. Where sureties who have paid the judgment and the judgment creditor so agree, the judgment may be kept alive by assignment to the paying sureties, and a co-surety compelled to contribute his proportionate share of the amount actually paid.

APPEAL from judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

One Alonzo Knight was elected county treasurer of Bay-
field county for the term commencing January, 1899. He
executed a bond, with the plaintiffs, defendant, and others
as sureties, to the county, and entered upon the discharge of
his duties. During his term, Knight became a defaulter,
and thereafter an action was commenced on his bond against
his sureties. Service was made on seven of the sureties,
including the plaintiffs herein. Four, including the defend-
ant, were not found, and did not appear. The others in-
terposed a defense in good faith, and employed counsel.
Judgment was docketed against them February 1, 1897, for
$6,673.62. Afterwards the plaintiffs in this action secured
a compromise with the county, and paid $2,000 and took an
assignment of the judgment. They also paid over $388.50
for counsel fees and expenses in defending the action and
securing the compromise. They bring this action against
the defendant to compel him to pay one fifth of the amount
so paid by them upon the compromise, and for counsel fees
and expenses, claiming that the other sureties are either
without the state or insolvent. The foregoing facts appear
in the complaint. For answer, the defendant admitted the
execution of the bond, the commencement of suit, the judg-
ment and compromise as stated, and denied the other alle-
gations. He also set up that two of the sureties, Nourse
and McCamis, were dead, and had personal representatives
within Bayfield county. The case was tried by the court
with a jury. After the evidence was in, the parties stipu-
lated that the only question that would be submitted to the
jury was as to the alleged insolvency of the sureties, and of
the estates of those shown to be dead; the other questions
to be determined by the court. By a special verdict, the
jury found the issue of insolvency as claimed by plaintiffs.
The court made findings for plaintiffs, and directed judg-
ment for plaintiffs for $477.70, and interest from December

10, 1897.  From this judgment the defendant takes this appeal.

*J. J. Miles,* for the appellant.

For the respondents there was a brief by *Sanborn, Gleason & Sleight,* and oral argument by *E. F. Gleason.*

BARDEEN, J.  A number of objections to the validity of the judgment are raised by defendant, which will be considered as presented:

1. He first raises the question whether this is an action at law or in equity.  The complaint states a plain cause of action at law.  It was so treated by the parties on the trial, and will so be considered here.

2. Next it is claimed that there were eleven sureties, and the facts show that plaintiffs have not paid more than their proportionate share of the original judgment.  This contention ignores the fact of the compromise.  The ultimate liability of all the sureties to the county was fixed at $2,000, which was paid by the four plaintiffs.  The compromise was one which resulted to the benefit of all the sureties, and, for the purposes of this action, must be considered as the basis of individual liability.  The liability of a surety to contribute to one who has paid more than his share of the common debt is one that is now recognized and enforced both at law and in equity.  It rests upon equitable grounds, and appeals to the conscience of the judge and the chancellor alike.  The time was that the paying surety in an action could only recover from his co-surety an aliquot part of the whole debt; regard being had to the number of sureties, and without regard to the insolvency or nonresidence of any of them.  The considerations before mentioned induced a modification of this rule, so that it may be said to be established law in this state, as well as others, that, when one surety has paid the whole debt, he may compel contribution from such of his co-sureties as are solvent and within the state.  *Smith v.*

*Mason*, 44 Neb. 610; *Stallworth v. Preslar*, 34 Ala. 505; *Werborn's Adm'r v. Kahn*, 93 Ala. 201; *Faurot v. Gates*, 86 Wis. 569; *Hardell v. Carroll*, 90 Wis. 350.

3. Another objection is that no recovery should have been allowed for attorney's fees paid in defense of the suit and securing a compromise. There is no claim that such fees are unreasonable, or that they were imprudently incurred, or that they were not incurred for the common benefit. On the contrary, it sufficiently appears that the plaintiffs acted as prudent men would have acted under the circumstances, and that such action resulted in a substantial benefit to all of the sureties. The following authorities justify the allowance of such fees and expenses: *Backus v. Coyne*, 45 Mich. 584; *Marsh v. Harrington*, 18 Vt. 150; *Fletcher v. Jackson*, 23 Vt. 581; *Gross v. Davis*, 87 Tenn. 226; 4 Am. & Eng. Ency. of Law, 3, and note; 1 Brandt, Suretyship & G. § 283. We are referred to the case of *Shepard v. Pebbles*, 38 Wis. 374, as sustaining the defendant's contention. It was a case for contribution, and the writer of the opinion makes use of the following language:

"But we do not understand that the right to contribution extended to the costs incurred by the plaintiff, or paid by him, in the action brought in the circuit court. It does not appear that the defendant authorized the payment of those costs, or agreed in any way to be liable for his share of them, and there is no special count in the complaint which would warrant any evidence to show that he was responsible for them."

There are, no doubt, cases when the expense incurred by a surety should not be allowed, and possibly the situation was such in the case referred to as to justify that conclusion. An inspection of the case and briefs on file, and of the facts stated in the opinion, fails to disclose the exact ground of the decision, any further than is disclosed by the language used. If the decision is made to rest upon the fact that no foundation for the recovery was laid in the complaint, there

is seeming justification for it.    Otherwise, it would seem to stand upon dubious ground.    Since the decision in *Faurot v. Gates, supra,* there is no good reason for saying that, in actions of this kind, reasonable attorney's fees, prudently incurred for the common benefit of the sureties, may not be recovered.

4. Another objection, somewhat feebly suggested, is that the evidence does not sustain the jury's finding as to the insolvency of the estates of several of the deceased sureties. The evidence is not referred to or discussed by counsel. There is at least some evidence in the record to support the conclusion reached, and, counsel not deeming the point of sufficient importance to point out its weakness, we shall hold it sufficient.

5. The last objection urged is that there was no evidence that Alonzo Knight, the principal on the bond, was insolvent.    A complete answer to this position is that, this being an action at law, no such evidence or finding was necessary. Thus, it is said in 1 Brandt, Suretyship & G. § 290: "In an action at law by a surety against his co-surety for contribution, the weight of authority seems to be that the insolvency of the principal need not be averred or proved." See, also, to the same effect, *Smith v. Mason,* 44 Neb. 610; *Goodall v. Wentworth,* 20 Me. 322; *Rankin v. Collins,* 50 Ind. 158; *Sloo v. Pool,* 15 Ill. 47.    The fact that the plaintiffs took an assignment instead of a satisfaction of the judgment does not prejudice the defendant.    They are not seeking to enforce the face of the judgment, but only such sum as they paid to settle the claim.    Secs. 3021–3024, Stats. 1898, recognize the right of the sureties to keep the judgment alive, and we see no reason why it may not be done by assignment, if the parties so agree.    See *German Am. S. Bank v. Fritz,* 68 Wis. 390.

*By the Court.*— The judgment is affirmed.