[No. 17062. Department One. October 21, 1922.]

E. J. APPLEFORD, *Respondent*, v. SNAKE RIVER MINING, MILLING & SMELTING COMPANY et al., *Appellants*.[1]

GUARANTY (20)—RIGHT TO CONTRIBUTION. The doctrine of contribution among guarantors is based upon the equitable principle and implied agreement that each should contribute his just proportion, distributed equally and ratably among those who are solvent.

SAME (1). One of several joint guarantors paying the note in question, is not deprived of his right to contribution by the fact that he took an assignment of the note.

SAME (20). A guarantor of a note is entitled to contribution from his co-guarantors, regardless of the solvency of the principal debtor.

SAME (19, 20)—CONTRIBUTION—ACTIONS BETWEEN CO-GUARANTORS AND PRINCIPAL. A guarantor of a note who, in making an involuntary payment thereof, took an assignment of the note, may, in his equitable action against his co-guarantors for contribution, join the principal maker and recover judgment for the use and benefit of

[1]Reported in 210 Pac. 26.

all the guarantors; and he is not required to collect the judgment or prove insolvency of the debtor before being entitled to contribution.

SAME (19, 20). But, in such a case, recovery against the principal must be limited to the amount he was required to pay, plus legal interest thereon; and it is error to include in the judgment the stipulated attorney's fee and interest in excess of the legal rate.

SAME (19, 20). In such an action, the court should determine whether any of the co-guarantors are insolvent, and award judgment against the solvent guarantors for the amount they are required to contribute.

Appeal from a judgment of the superior court for Asotin county, Miller, J., entered March 2, 1921, upon findings in favor of the plaintiff, in an action for contribution, tried to the court. Reversed.

*Elmer E. Halsey* and *Benjamin F. Tweedy,* for appellants.

*John C. Applewhite* and *Will H. Fouts,* for respondent.

BRIDGES, J.—Suit by one guarantor for contribution from his co-guarantors, and for judgment against the original debtor.

On September 11, 1915, the defendant Snake River Mining, Milling and Smelting Company, a corporation, gave one Baumeister its two written promissory notes, each for $4,025.80, each falling due one year after date, each drawing ten per cent interest and providing for an attorney's fee. At the time the notes were executed, and before they were negotiated, the defendants J. W. Rogers, C. A. Rogers, W. D. Rogers, S. S. Rogers, J. O. Tuttle and George Appleford, in writing, on the back of each note, guaranteed the payment in the following words: "For value received I hereby guarantee the payment of the within note, and any renewal of the same, and hereby waive protest, demand and notice of non-payment thereof." Subsequently

Mr. Appleford died and the plaintiff was duly appointed the administrator of his estate, and as such maintains this suit. During the course of the administration of the estate, the two notes given by the corporation came due and were not paid, and the owner and holder thereof presented a claim therefor against the estate of Mr. Appleford. The administrator, under the order of the court, allowed and paid the claim in a sum in excess of $11,000, such amount being the principal and interest thereon to March 12, 1919, that being the date of the payment. The administrator thereafter commenced this suit against the maker of the notes and all of his co-guarantors to recover judgment for the amount of the notes, plus interest and attorney's fee, as against the former, and to recover contribution against the latter.

The trial court made findings and conclusions in favor of the plaintiff. It found the facts substantially as we have related them, and also found that, at the time the plaintiff paid the notes, they were assigned and delivered to him, and that he was the owner and holder thereof at the time the suit was instituted. The findings were further to the effect that the maker of the notes was indebted to the plaintiff in the sum of $11,068.40, together with interest thereon at the rate of ten per centum per annum from March 12, 1919, that being the date the administrator paid the notes, and also found that $400 was a reasonable attorney's fee in the action. Based upon these findings and conclusions, the court entered a decree giving judgment to the plaintiff against the corporation making the notes, in the sum of $11,068.40, with interest thereon at the rate of ten per cent per annum from March 12, 1919, and an attorney's fee of $400, and the decree further gave a judgment against the defendants who were co-guarantors on the note

"for their share of contribution toward the payment of said notes after the assets of the Snake River Mining, Milling and Smelting Company in the state of Washington have been exhausted by execution and sale according to law, so that each guarantor defendant and the plaintiff as guarantor shall be compelled to contribute his share equally in making of the amount of their respective liabilities on said notes, and if any guarantor defendants, or defendants are insolvent and have not sufficient property or assets subject to execution to satisfy the amount of contribution from each guarantor defendant, then plaintiff shall recover and shall be entitled to have execution issued against each solvent guarantor defendant, so that each solvent guarantor defendant and the plaintiff as guarantor shall be compelled to contribute his share and satisfy his liabilities due on said notes, and that execution may issue against each solvent guarantor defendant who has assets subject to execution until each solvent guarantor defendant has contributed the amount of his liabilities on said notes to said plaintiff."

The judgment also determined that the defendant Tuttle had an offset of $2,432.41 against the judgment thus rendered against him. All of the defendants have appealed.

We take it that the effect of the decree is to give judgment against the corporation for the whole amount paid by the plaintiff, together with interest at ten per cent and attorney's fee, and that each solvent defendant guarantor should be required to contribute his just portion of such amount of the judgment as shall remain after the assets of the maker of the note have been exhausted, and that if the sheriff is unable to make out of any one or more of the defendant co-guarantors the amount he should pay, then that amount should be made up by each one of the solvent co-guarantors, and that the co-guarantors shall pay

ten per cent interest on the amount thus required to be paid, plus $400 attorney's fee.

The doctrine of contribution among sureties or guarantors is based upon the equitable principles that, where several parties are equally liable for the same debt and one is compelled to pay the whole of it, he may have contribution against the others to obtain from them the payment of their respective shares. The doctrine is founded on an implied rather than an expressed contract. The right to contribution is not based upon the instrument on which the guarantors have become liable, but is based upon the idea that, when the guarantors signed such instrument, they impliedly agreed that if there should be any liability each would contribute his just portion. The mere fact that a right of contribution exists, necessarily implies that the instrument out of which the liability grows has been paid and extinguished by one for the benefit of all. Six R. C. L. 1036 *et seq;* 13 C. J. 825 *et seq;* Brandt, Suretyship and Guaranty, vol. 1 (3d ed.), § 279 *et seq.* One co-guarantor who has paid the guaranteed indebtedness may not arbitrarily collect from one of several co-guarantors but he is required to collect equally and ratably among those who are solvent. If some of the guarantors are insolvent, then those who are solvent will be required to pay their portion of the amount which the insolvent guarantor would otherwise have been required to pay. Brandt, Suretyship and Guaranty, vol. 1 (3d ed.), §314 *et seq;* 6 R. C. L. 1037 *et seq;* 13 C. J. 825; *Gross v. Davis,* 87 Tenn. 226, 11 S. W. 92, 10 Am. St. 635; *Surety Co. v. St. Paul Fire & Marine Ins. Co.,* 50 Conn. 233; *Petten v. Richardson,* 68 Mo. 379; *McAllister v. Irwin's Estate,* 31 Colo. 253, 73 Pac. 47; *Stockwell v. Mutual Life Ins. Co.,* 140 Cal. 198, 98 Am. St. 25, and note. While the gen-

eral principles governing contribution are well settled, there is very little authority on the procedure, particularly where some of the co-guarantors are insolvent.

(1) The appellants first contend that it was error to make the guarantor defendants parties to the action, because the pleadings and the testimony show that, when the plaintiff administrator paid the notes, he took an assignment of them, and that his suit should have been upon the notes and only against the maker. We cannot sustain this contention. The mere fact that he took an assignment of the notes does not deprive him of his right to require contribution, because, as between the guarantors, the indebtedness has been paid and satisfied and the right to contribution because thereof exists. *Pioneer Mining & Ditch Co., v. Davidson*, 111 Wash. 262, 190 Pac. 242; *Boutin v. Etsell*, 110 Wis. 276, 85 N. W. 964.

(2) The defendant co-guarantors contend that plaintiff cannot maintain his action for contribution without alleging and proving that he has exhausted the original debtor or that it is insolvent. A guarantor who has been required to and has paid the indebtedness for which he and others have become guarantors may require contribution from his co-guarantors without regard to the solvency of the principal debtor. All the authorities hold to the general rule that the right to contribution accrues when one of the guarantors has been required to pay the indebtedness. There is no equitable reason why the one who has thus paid should be required to be at the trouble and expense of trying to collect from the original debtor or to prove that he is insolvent, in order that the co-guarantors may be required to respond. The liability contracted by the guarantors has been paid by one of them,

and the situation itself then demands that the other guarantors should be required to pay their portion. One guarantor is as much interested as another in seeking collection from the original debtor, and the burden of so doing should not, in fairness, be imposed upon the unfortunate one who has been required to pay the guaranteed indebtedness. The following are some of the authorities in support of this principle: *Buckner v. Stewart,* 34 Ala. 529, where it was said:

"The right of the plaintiff to demand from his co-surety was in no sense dependent upon the insolvency of their principal."

*Rankin v. Collins,* 50 Ind. 158, where it is said:

"The complaint does not allege the insolvency of the principal, but this was unnecessary."

*Smith v. Mason,* 44 Neb. 610, 63 N. W. 41, where it is said:

"According to the weight of authority, the right of the surety to recover contribution from a co-surety in no manner depends upon the insolvency of the principal debtor although the decisions on the subject are not harmonious."

See, also, *Roberts v. Adams,* 31 Am. Dec. (Ala.) 694; *Boutin v. Etsell, supra; Odlin v. Greenleaf,* 3 N. H. 270; *Sloo v. Pool,* 15 Ill. 47; 21 R. C. L. 1145. There are authorities which if followed would require a contrary holding. But we think the more equitable rule and the one supported by the weight of authority is the one we have announced.

(3) But in this case the maker of the notes was made a defendant, and the court rendered judgment against it. Of this the co-guarantors complain. They argue that there is an improper joinder of defendants; that the relief against the maker of the notes is not

and cannot be of the same nature as that against themselves; that the action, in so far as it is against the original debtor, is one on the notes and therefore at law, while the action against the other defendants is one on an implied promise and is strictly in equity. We do not think appellants' objections are tenable. It is true there are certain allegations in the complaint which would tend to indicate that the right of action against the maker of the notes was based on the notes themselves which had been assigned to the respondent. But we think such is a wrong idea as to the respondent's rights. His action should be and is on the implied promise of the maker of the notes to repay him any amount he might be compelled to pay on account of his liabilities growing out of his guaranty. The respondent did not purchase these notes. He is not the owner of them in the ordinary sense. His payment of them was an involuntary act, and he chooses to bring the maker of the notes into this equitable action against his co-guarantors. His rights against, and the liabilities of, the defendants grew out of the same transaction, to wit: the making of the notes and the guaranteeing of the same. While the appellants are not in position to require the respondent to sue the maker of the notes, either in this or any other action, neither are they in position to complain if he elects so to do. Any judgment which he would obtain would be to their benefit and for their use to the extent that they should contribute to the respondent. We therefore hold that there was no error in joining all these parties as defendants in the action.

(4) But the judgment which the court made, in so far as it affected the maker of the notes, was erroneous. It proceeded upon the theory that the respondent was suing upon the notes themselves, and consequently was

entitled to recover the full indebtedness evidenced by them, plus interest provided therein and a reasonable attorney's fee. Since the respondent's action is not on the notes but on the implied promise of the maker of them to protect him, his recovery can be only the amount which he was required to and did pay, plus the legal rate of interest and without any attorney's fee. It would be inequitable for the respondent, as a guarantor, to recover of the maker of the notes a sum in excess of the amount he has been required to pay. For illustration, if the respondent had succeeded in compromising this claim, and had discharged the notes for less than the amount due, he could not recover more than he had paid. Any other rule would not be one of protection, but would permit the guarantor to speculate and make a profit out of his guaranty. Nor is he entitled to recover any attorney's fee, because a court has no power to give such unless there be an express contract for it, or it be authorized by some provision of statute. *Larson v. Winder,* 14 Wash. 647, 45 Pac. 315; *Trumble v. Trumble,* 26 Wash. 133, 66 Pac. 124; *Legg v. Legg,* 34 Wash. 132, 75 Pac. 130; *Criswell v. Directors of School District No. 24,* 34 Wash. 420, 75 Pac. 984; *McGuinness v. Hargiss,* 56 Wash. 162, 105 Pac. 233, 21 Ann. Cas. 220. In this connection we wish to say that, should the respondent recover judgment against the maker of the notes, he will not be required to execute that judgment or make any effort to collect it before being entitled to judgment against his co-guarantors. We have before said that a guarantor paying the debt of the principal debtor may require his co-guarantors to contribute to him, without regard to the solvency or insolvency of the principal debtor. From this it follows that, if the respondent should recover judgment here against the

maker of the notes, his co-guarantors would not have a right to require him to collect that judgment or to exhaust the assets of the judgment debtor before they would be liable to him for contribution.

(5) The judgment is also wrong in the manner in which it provides for the determination as to who are insolvent guarantors. We have already stated the rule to be that all solvent guarantors should contribute alike towards the sum paid by the respondent. The decree in this case, in substance, provides that if the plaintiff is unable, because of insolvency, to require any one co-guarantor to pay his portion, then that portion may be collected from those co-guarantors who are solvent. The trouble with this provision is that there is no adjudication made by the court as to who is insolvent. This matter appears to be left to the plaintiff and the sheriff. Before a co-guarantor can be required to contribute on account of the insolvency of some other guarantor, such insolvency must be judicially determined. Each guarantor is entitled to have the court determine the exact amount of the judgment against him, and that cannot be done without a prior determination of insolvency. If the question of insolvency of some of the guarantors is involved, the pleadings should be amended so as to raise that issue, so that evidence on it may be received and a decree made thereon.

(6) The judgment appealed from is wrong in that it requires the co-guarantors to pay any attorney's fee, and also wrong in that it seems to require them to pay ten per cent instead of the legal rate of interest on such amount as the court shall determine each shall pay.

In brief, our holding is as follows: that the respondent was not required either to sue or exhaust the assets

or prove the insolvency of the maker of the notes before having the right to require contribution from the solvent co-guarantors; that, since respondent has seen fit to make the principal debtor a defendant, if the facts authorize it, he is entitled to a judgment against that defendant for the amount he was required to and did pay, plus six per cent interest on the amount so paid from the date of payment, but without other than the statutory attorney's fee; that, if respondent obtains such judgment, he holds it for the ultimate use and benefit of those co-guarantors who contributed to him; that he is not bound to enforce, or try to enforce, collection of the judgment against the maker of the notes before being entitled to judgment against his co-guarantors; that the court should hear testimony and adjudge who, if any, of the co-guarantors are insolvent, and award judgment against the others in the amount they should be required to pay, and such judgment should carry interest at the legal rate, and it should not include any attorney's fee except the statutory attorney's fee.

The judgment is reversed and remanded for action in accordance herewith.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.