## LABER v. GALL, to Use of MERCURY INDEMNITY CO. OF ST. PAUL.

### No. 7327.

United States Court of Appeals for the District of Columbia.

Argued Dec. 6, 1939.

Decided Jan. 29, 1940.

Lester Wood and H. Hazen Wilson, both of Washington, D. C., for appellant.

William J. Rowan, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

PER CURIAM.

For some five years, Pearl C. Laber was manager of an apartment house in Washington City. The building was owned by the Federal Savings & Trust Company, then in receivership. The receiver had taken from Saint Paul Mercury Indemnity Company, of Saint Paul, Minnesota, a bond in which the bonding company, as surety, agreed to pay to the receiver any loss on account of any shortage by embezzlement and other means in the accounts of Mrs. Laber. This action was begun by the receiver against Mrs. Laber to recover $2,-484.75, with interest, the amount she was alleged to have misappropriated out of that company's moneys in her possession. Subsequently the receiver settled his claim against the bonding company for $1,464.82, in consideration of which he assigned to it all his right, title, and interest to the proceeds of any claims against Mrs. Laber and all right to the proceeds of any suit brought or pending against her. Thereafter, by agreement of the parties, this cause proceeded in the name of the receiver, to the use of the bonding company. At the conclusion of the evidence the defendant asked the court to instruct the jury as follows: "The jury are instructed that if they find that the plaintiff is entitled to recover, their verdict cannot be in an amount in excess of $1,464.00, the sum which the evidence shows was paid by the Saint Paul Mercury Indemnity Company, to O. H. Gall, Receiver of Federal Savings & Trust Company, a corporation the plaintiff herein."

The court declined to give this instruction and entered judgment on the verdict of the jury for $2,206.14, which was some $700 in excess of the sum which the bonding company had paid in discharge of its liability.

In the light of the record in this case, we think this action of the court was wrong. The rule is well established that the surety who pays the principal's debt is entitled to reimbursement, but his recovery is limited to the amount paid by him, even though he takes an assignment of the full claim. Wainwright v. Atkins, 104 Miss. 438, 61 So. 454; Eaton v. Lambert, 1 Neb. 339; Pace v. Robertson, 65 N.C. 550; Burton v. Slaughter, 67 Va. 914, 26 Grat. 914; Appleford v. Snake River Co., 122 Wash. 11, 210 P. 26, 29 A.L.R. 268; Blow v. Maynard, 29 Va. 29, 2 Leigh 29; Williston on Contracts (2d ed. 1938), Sec. 1285; and see the rule, Restatement of Restitution, Sec. 80, and the comment and illustrations contained therein.

Our decision in this regard will make it necessary to reverse the judgment and remand the case for a new trial and, since in the new trial the evidence may be different, it is unnecessary to pass upon the other assignments of error.

Reversed and remanded.