**Robert L. MOODY, Plaintiff-Appellee,**

v.

**Jack M. BASS, Jr., Defendant-Appellant.**

**No. 16399.**

United States Court of Appeals
Sixth Circuit.

March 24, 1966.

Robert G. McCullough, Nashville, Tenn., for appellant, William Waller, Sr., Nashville, Tenn., on the brief, Waller, Lansden & Dortch, Nashville, Tenn., of counsel.

Charles B. Smith, Galveston, Tex., for appellee, Phipps, Smith & Alexander, Galveston, Tex., Denney, Leftwich, Lackey & Chernau, W. Raymond Denney, Nashville, Tenn., on the brief.

Before PHILLIPS and EDWARDS, Circuit Judges, and WILSON,* District Judge.

PER CURIAM.

This appeal involves an action between guarantors. The case was decided by the district court upon cross-motions for summary judgment, the defendant-appellant's motion being overruled and the plaintiff-appellee's motion being allowed and a judgment being entered against the defendant-appellant in the sum of $67,296.31. The defendant has appealed from this action of the trial court.

In 1961 the plaintiff, Robert L. Moody, a resident of Texas, and the defendant, Jack M. Bass, Jr., a resident of Tennessee, along with six other individuals, each signed a guaranty agreement in which they jointly and severally guaranteed payment of a loan by the Bank of Texas, Houston, Texas, to the U. S. Sulphur Corporation in the principal sum of $225,000.00. Upon default in repayment of the loan, Moody, the guarantor resident in Texas, was required to pay $231,781.25 in full repayment of principal and interest due upon the loan. Moody sought to recover by this action from five of his co-guarantors who were residents of Tennessee, including Bass. A settlement was effected with the other four parties to the suit and the suit proceeded to judgment as to Bass only. By a separate action started in the United States District Court in Texas, but removed to the District Court in Colorado, Moody sought recovery from the remaining two guarantors who were residents of Colorado. This action against the Colorado residents remains pending, with no recovery having been made, it being represented that the co-guarantors in Colorado may be insolvent.

The trial court in an opinion reported at Moody v. Kirkpatrick, D.C., 234 F. Supp. 537 and in an unpublished supplemental memorandum held that Moody was entitled to recover equitable contribution from Bass, the rate of contribution to be in accordance with the prior written agreement between the parties and the amount of such contribution to be determined without regard to the two non-resident co-obligors in Colorado from whom no recovery had been made.

The defendant contends that the trial court made errors of laws in determining (1) that the Texas law of usury would govern the validity of the guaranty agreement rather than the Tennessee law of usury; (2) that a prior written agreement between the co-guarantors would govern the rate of contribution as between the co-guarantors on the subsequent guaranty; and (3) that the two co-guarantors who were residents of Colorado and non-residents of Tennessee should be excluded in fixing the amount of contribution.

█ Upon the undisputed facts, this court is of the opinion that the trial court reached the correct legal conclusion upon each of the issues of law complained of by the defendant. The guaranty agreement, though signed by the defendant in Tennessee contemplated by its express terms acceptance by the extension of credit when it stated " * * * all extension of credit * * * made by Bank to borrower shall be conclusively presumed to have been made in acceptance hereof." As held by the trial court, the contract of guaranty did not become effective until accepted by the making of a loan by the Bank of Texas at Houston, Texas. C. I. T. Corp. v. Sanderson, 43 F.2d 985 (E.D.Idaho 1930). See also First American National Bank of Nashville v. Automobile Ins. Co., 252 F.2d 62 (C.A. 6, 1958) and Bond v. John V. Farwell Co.,

---

* Honorable Frank W. Wilson, United States District Judge for the Eastern District of Tennessee, Southern Division.

172 F. 58 (C.A. 6, 1909). As stated by the Supreme Court of Tennessee in the case of Deaton v. Vise, 186 Tenn. 364, 210 S.W.2d 665, at 668:

"* * * [A] contract is presumed to be made with reference to the law of the place where it was entered into unless it appears it was entered into in good faith with reference to the law of some other state."

It is undisputed that the guaranty agreement would be valid and enforcible under the Texas usury laws.

 The defendant's second contention is that, being one of eight guarantors, he could at most be liable for equitable contribution of one-eighth part, rather than 22.22% as determined by the trial court. While apparently conceding that by prior written agreement between the co-guarantors the defendant would be obligated to make a 22.22% contribution, the defendant contends that the prior agreement could not be found to apply to the guaranty sued upon except from parol evidence, and thus such agreement would be unenforcible under the statute of frauds. The trial court concluded however, that the guaranty sued upon was but part and parcel of a former written agreement between the co-guarantors establishing the rate of contribution for the defendant at 22.22%, and that no issue of parol evidence or statute of frauds arose in the case. In this conclusion we concur.

 Finally, the defendant contends that the trial court erroneously excluded the two non-resident co-guarantors in determining the amount of contribution owed by the defendant. The equity rule followed in Tennessee, and generally followed in courts of equity, is that the common liability must be apportioned among the resident and solvent co-obligors. Gross v. Davis, 87 Tenn. 226, 11 S.W. 92 (1889). See also 18 C.J.S. Contribution § 6b. For the purpose of this rule, nonresidence is generally equated with insolvency. 18 Am.Jur.2d, "Contribution," Sec. 28. See also annotation 64 A.L.R. 213 at 236. The trial court found no reason under Tennessee law for departing from this rule and we find none.

The judgment of the district court will be affirmed.