[No. 11835-8-I. Division One. January 9, 1984.]

CHARLES A. BRILL, ET AL, *Respondents,* v. E. GERALD
SWANSON, ET AL, *Appellants.*

*Waitt, Johnson & Martens* and *Richard L. Martens,* for
appellants.

*John P. Lycette, Jr.,* for respondents.

DURHAM, C.J.—The Swansons appeal the trial court's
order granting Brills' motion for summary judgment. The
Swansons claim that there were genuine issues of material
fact and that the trial court incorrectly interpreted the
applicable substantive law. We find no error and affirm.

Appellants Swanson and respondents Brill were the sole
stockholders in two Washington corporations, Swabi, Inc.
(Swabi) and Brillware Manufacturing Company (Brillware).

Brillware, incorporated in 1959, manufactured wood cabinets and other wood articles until 1980, when it terminated business. Brillware is now insolvent. Swabi, incorporated prior to 1970, was a real estate holding company, whose primary asset was a parcel of real property with a warehouse and office building. Swabi leased this property to Brillware until Brillware ceased operations. Thereafter, the Swabi corporation was dissolved, by agreement of the parties, and the assets distributed between the Swansons and Brills. It is the distribution of Swabi's assets which forms the basis of this lawsuit.

At the time of the Swabi dissolution, the real property was subject to two deeds of trust in favor of Seattle–First National Bank. The first deed of trust secured a note for a debt of Swabi. The second deed of trust on the Swabi property secured a debt in part incurred by Brillware. This Brillware debt, of approximately $1.2 million, was also guaranteed by Swabi. After dissolution, the parties were required to sell the Swabi property in order to pay these debts. The proceeds of the sale are being collected by Seattle–First National Bank and applied to the debts, with the excess to be distributed between the parties. Swansons now claim that their share of the Brillware debt should be in proportion to their shares in Brillware.[1]

At the time the Brillware debt was incurred, the Swansons owned approximately one–half as much Brillware stock as their co–guarantors, the Brills. When the Swansons refused to accept an equal distribution of the sale proceeds, the Brills sought a declaratory judgment for equal distribution. The Swansons counterclaimed for a declaration that the proceeds be distributed between the parties in proportion to their stock ownership in Brillware at the time the debt was incurred. The trial court granted the Brills' motion for summary judgment. The Swansons appeal.

The Swansons first contend that the trial court erred in

---

[1]There is no dispute regarding payment of the Swabi debt secured by the first deed of trust, because the parties owned approximately equal shares in Swabi.

ruling that, as co–guarantors on a corporate note, the parties were not liable to one another in proportion to their stock ownership in the corporation. We find no error.

 The issue of contribution rights of stockholders on a corporate note was squarely decided in *Brooke v. Boyd,* 80 Wash. 213, 141 P. 357 (1914). In *Brooke,* the court rejected a shareholder/guarantor's argument that his liability to his co–guarantors was in proportion to their relative stock ownership. The court cited 5 S. Thompson, *Private Corporations* § 5233 (2d ed. 1910) without discussion:

> "Where stockholders become surety for a corporation, the right of contribution arises as among themselves, where the circumstances are such as would give this right among sureties in an ordinary case. Thus, where five stockholders executed a note to a corporate creditor for money loaned to the corporation, they thereby became co–sureties for it and each was liable to pay one–fifth of the whole and no more. And *each was subject to the liability to make equal contribution to the one which paid the whole note at maturity without regard to the relative amount of stock owned by each.*"

(Italics ours.) *Brooke,* at 216–17. This issue apparently has not been discussed in any subsequent reported Washington cases.

Appellants Swanson rely on an Oklahoma case which holds the contrary of *Brooke. Brown v. Goldsmith,* 437 P.2d 247 (Okla. 1968). In *Brown,* the court acknowledged a "division of authority", but held that shareholder/guarantors were liable to one another in proportion to their stock ownership, when the debt had been incurred for the use and benefit of the corporation. *Brown,* at 248. The court based its ruling on the equitable nature of the right of contribution. Swansons note that Washington also has recognized contribution as an equitable right. *Appleford v. Snake River Mining, Milling & Smelting Co.,* 122 Wash. 11, 210 P. 26, 29 A.L.R. 268 (1922). Swansons contend that *Appleford* thus impliedly overruled *Brooke,* so that the trial court should have considered evidence of unequal benefits between the co–guarantors.

Since the stock ownership issue was not raised in *Appleford,* that case cannot be regarded as overruling *Brooke.* Consequently, the *Brooke* rule remains the law in Washington, and the trial court properly refused to base the contribution rights of the parties on their relative stock ownership.

■ The Swansons next contend that the trial court erred in finding no genuine issue of material fact, and in granting summary judgment. Again, we find no error. As this court has recently stated:

> Summary judgment can be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

*Rathvon v. Columbia Pac. Airlines,* 30 Wn. App. 193, 201, 633 P.2d 122 (1981). At trial, the only fact presented in support of the appellants' theory was that the parties owned Brillware stock in unequal proportions. This fact was not disputed. Thus, the issue before the trial court was one of law rather than fact. As we have noted, the trial court properly interpreted the law in Washington regarding the contribution rights of co–guarantors of a corporate debt.

Even if appellants had raised genuine issues of fact regarding unequal benefits among the guarantors, those issues would not be material, since the remedy sought by the appellants was precluded by *Brooke v. Boyd, supra.* A "material fact" is one on which the outcome of the litigation depends. *Morris v. McNicol,* 83 Wn.2d 491, 494, 519 P.2d 7 (1974); CR 56. Consequently, the trial court properly granted summary judgment.

WILLIAMS and ANDERSEN, JJ., concur.

Review denied by Supreme Court April 27, 1984.