Nicholson, C. J.,
delivered the opinion of the Court.
Lowry & Eason and others, creditors of Kingsly, filed their hill in the Chancery Court at Greeneville, to set aside an assignment made by Kingsly to G. W. Foute as trustee, for the benefit of his creditors. His property was attached and placed in the hands of Foute as receiver, who gave bond as required, in the penalty of $10,000, payable to the several creditors named in *411 the bill and in the assignment. Afterwards, Moore, another creditor of Kingsly, but not included in the assignment, filed his bill against Kingsly and Eoute, alleging that the funds in the hands of Eoute had paid off, or would pay off, all the claims of the attaching creditors and of those secured in the assignment, leaving a balance of about $1,000, more than enough to satisfy his claim of about $500., He attached this surplus in the hands of Eoute, and upon the hearing Moore obtained a decree against Kingsly for his debt, to be paid out of the surplus in the hands of Foute as receiver.
In that suit the securities of Foute as receiver, were not made parties, but the bill was filed only to-reach the surplus in Eoute’s hands, as the property of Kingsly. But it appears that William D. Williams, Ephraim Davis and William Ross, sr., were securities-of Eoute on his bond as receiver, and the Chancellor proceeded to give judgment against Williams for the amount found due to Moore, although Williams seems not to have been a party — and afterwards, by scire facias the representatives of Davis and Ross were brought in and judgment rendered against them as joint sureties with Williams of Foute as receiver. It appears further that execution issued on the judgment in favor of Moore against Wm. Ross, who as executor satisfied the execution. Therefore, Ross filed this bill to have contribution of Williams as one of the joint securities of Foute as receiver.
It is not necessary to inquire into the validity or regularity of the proceeding by which Moore obtained *412 his judgment by seire facias against Ross as executor. The real question in the case is, were Ross, Davis and Williams, as joint securities of Foute, liable to pay to Moore the amount of his decree against Kingsly and Foute? If they were, then Ross having paid the whole amount, is entitled to contribution, whether the judgment under which he paid, was regular or void.
A receiver is an officer of court, appointed for the benefit of all parties who may establish rights in the same, the funds in his hands being in custodia legis, for all who can make out title to it. Danl. Ch. Pr. & Pl., 1445; 3 Hum., 150; 9 Yer., 102.
But the extent of the liability of the securities of a receiver can only be ascertained by the terms of their bond. The liability of Williams, Davis and Ross to Moore for Foute’s defalcation, depends entirely upon the contract of suretyship which they entered into, as evidenced by the bond. These sureties agreed to be bound to the amount of $10,000 to specified parties, to-wit: creditors of Kingsly who had filed attachment bills, and creditors who were provided for in his assignment — but Moore is not embraced in either class. The contract was, therefore, not made by the sureties with Moore.
Upon looking to the bond, we find that it provides specifically that Foute, after selling the property and collecting the debts, shall “ retain in his hands of proceeds of his collections or sales a sufficient sum to meet the debts of complainants, and the remainder apply according to the tenor of said deed of assignment.” The contract of the 'sureties was, that Foote should *413 faithfully discharge the duties imposed upon him as receiver. This is the extent of their liability.
It appears from the bill of Moore, and from the proceedings under his bill, that Foute as receiver had fully paid and satisfied the claims of all the attaching creditors of all those provided for in the assignment. But it appears also' that there was a surplus of about $1,000 in his hands. which he neither paid over to Kingsley to whom it belonged, nor into the court. That Eoute is liable for this surplus to Kingsly or to Moore, his attaching creditor, is clear. But the question is, does this liability attach to Ponte’s securities on his receiver’s bond?
It has been stated that complainant Moore is not one of the obligors in the bond of the receiver, nor is he one of the creditors for whose claims Eoute was authorized to retain and pay the funds. There is, therefore, no privity between Moore and the obligees of the bond, and for that reason it is insisted that the obligors óf the bond cannot be made liable to Moore. This result would follow if the obligation assumed by Eoute as receiver was discharged and satisfied when he paid the claims of the several obligees in the bond. But the condition of the bond is, that “if Foute as receiver, shall perform the duties of receiver as imposed on him in the order of his appointment, make report of sales, and well and truly account for all sums received by him, and pay over all such sums of money as may be decreed against him as receiver, and comply ■with all such orders as may be made against» him by said court in regard to said funds — then this obligation *414 to be void, otherwise to remain in fall force and virtue.” It is obvious that the duties of the' receiver were not limited to the retaining of a sufficient sum to pay the claims of the obligors in the bond, but they extended to the faithful accounting for all the funds that might come into his hands as receiver. His duty as au officer of the court was to collect and pay the entire fund into court; but he was specially authorized to retain and pay over to the obligors in the bond an amount sufficient to satisfy their claims. As to any surplus that might be in his hands it was his duty to pay the same into court. His failure to do so, was a breach of his duty as receiver, and of his bond, which imposed this obligation upon him. The obligation is express, that he will “ well and truly account for all sums of money received by him” — that is, account for all such sums by paying the same into court, or to such parties as might be ordered by court.
It is wholly immaterial that the bond is made payable to specified creditors — it would have been more regular to make the bond payable to the State — but under sections 773, 774 and 776, it is not material who is the payee in the bond — no advantage can be taken of such mistake. The bond is for the benefit of all who may show themselves interested in the funds secured. It follows that Foute and his securities were responsible for the surplus which the receiver failed to account for. Ross was therefore liable as one of the securities, and having paid the debt of Moore, he is entitled "to contribution. The Chancellor so held, and his decree is affirmed.