Reeves *v.* Pulliam.

J. C. REEVES, Ex'r of George W. Reeves, *v.* J. L. PULLIAM, Ex'r of W. G. Day.

1. SURETY. *Liability of on note. Though Administrator of his deceased principal is protected by the statute of limitations.* Although the administrator of a principal in a note may defeat a recovery upon the note by the plea of the statute of limitations, yet the exoneration of such administrator does not relieve the sureties of his intestate from liability.

2. SAME. *Remedy of surety.* When the surety on such a note is compelled to pay the debt, he then has cause of action against the administrator of either the principal for the amount so paid, or the administrator of a co-security for *pro rata* contribution.

3. SAME. *Right of action accrues. When. Statute of limitations.* When the surety is entitled to his motion, upon rendition of his judgment, yet his cause of action is the payment of the judgment, and the statute begins to run from that time, and not from the rendition of the judgment.

Reeves *v.* Pulliam.

Cases cited: Maxey *v.* Carter, 10 Yer., 521; Caplinger *v.* Vaden, 5 Hum., 629; Marshall *v.* Hudson, 9 Yer., 57; Bradford *v.* McLemore, 3 Yer., 319; Shropshire *v.* Shropshire, 7 Yer., 165; Bank *v.* Campbell, 7 Yer., 353; Goss *v.* Gibson, 8 Hum., 197; Kerr *v.* Clark, 11 Hum., 77.

Code cited: Sections 3625a&j, 3626, 2279, 2281, 2784, 2786.

---

### FROM FAYETTE.

---

Appeal from the Circuit Court. T. J. FLIPPIN, Judge.

CALVIN JONES for complainant.

H. C. MOORMAN for defendant.

DEADERICK, C. J., delivered the opinion of the Court.

At the July term, 1871, of the Circuit Court of Fayette county, Cocke and Dortch, Ex'rs of Josiah Higgerson, recovered a judgment against Em. J. Reeves, principal, and J. G. Reeves and plaintiff as securities. Defendant Pulliam's testator, W. G. Day, was a co-surety on the note upon which the judgment was obtained, but was not sued in the action. Pulliam was qualified as executor of Day's estate in January, 1865, and made his settlement in 1871.

At the July term, 1871, of said circuit court, and after said judgment had been rendered against him, plaintiff entered a motion for judgment over against his principal and co-sureties.

On the 31st March, 1874, the plaintiff paid $710.46, the amount of the judgment and interest thereon, and the sum of $12.80, the costs of suit; and on the

10th July, 1874, he dismissed his motion entered at July term, 1871; and on the said 10th July, 1874, entered this motion against defendant, the executor of his co-surety, Day. The defendant relies upon the statute of limitations of two years and six months, all the parties being resident of said Fayette county, and of seven years as a bar to the rceovery.

By sections 3625 and 3625*a* of the Code, a right to a judgment by motion is given to a co-surety against whom judgment has been rendered, or who has paid said judgment, or more than his ratable share thereof; against all the parties to the instrument for their proportion, whether they were included in said original judgment or not. By the next section, 3626, this remedy lies both for and against the representatives. of deceased parties.

It will be observed that the right to make the motion accrues upon the rendition of the judgment against the surety or upon payment by him of the original judgment, or more than his ratable share of said original judgment. The right of recovery in this case depends in part upon the question, whether the failure to prosecute the motion upon the ground of the rendition of the judgment gives the defendant the right to rely upon the statute of limitations from the time said judgment was rendered, against a motion entered and prosecuted against defendant, upon the ground that plaintiff had *paid* the judgment, or whether the statute would begin to run against the latter motion, only from the time of the payment of the judgment. The statutes clearly give the co-surety the

right to the motion upon the payment of the judg-
ment as a distinct and substantive cause of action.
And the statute of limitations would only run against
such cause of action from the time it accrued, and
that time would be when the judgment was paid.

This is the construction placed upon section 3625
of the Code, by Judge Caruthers, in his History of
a Law Suit, and it is a sound one; see also, 10 Yer.,
521, where it is expressly adjudicated in conformity
to this construction.

In this view neither sections 2279, 2281, 2784, nor
2786, being acts of limitations of two and seven years,
bars the action in this cause, as these statutes run only
when there is a cause of action.    5 Hum., 629; 9
Yer., 57; 3 Yer., 319; 7 Yer., 165.

But it is insisted that the statute of limitations
having barred the original debt against defendant, the
administrator of the co-surety of plaintiff, it cannot be
revived against him by the recovery of a judgmennt
against plaintiff, co-surety of his intestate, and having
a complete defense to the original cause of action un-
der the statute of limitations, he cannot be made liable
to pay the co-surety any part of the debt due to the
original creditor, which his co-surety has been com-
pelled to pay.

In the case of *Marshall* v. *Hudson,* 9 Yer., 57,
this defense was made, and it was held that the surety
was liable, although the administratrix of the principal
had succeeded in defeating the recovery of the creditor
against her by the plea of the statute of limitations.
The court held, that although she had succeeded in

her plea of the statute of limitations against the creditor of her intestate, yet as soon as Marshall had been compelled, as intestate's surety, to pay the debt, he became her creditor and was entitled to judgment against her.

It is by the payment of the debt of the principal that the surety becomes creditor of his principal or his representative by the express provisions of the statutes, and then his cause of action accrues. Code, sections 3625, 3625a; 10 Yer., 521.

And in 10 Yer., 521, it is held that the same rule applies as between co-sureties; that when one of the co-sureties has paid the debt he may, within two years from that time, make his motion, or bring his action against the personal representative of the deceased co-surety for contribution; that the act of limitations begins to run against him from the time he paid the judgment, and not from the time the judgment was rendered against him.

So it has been held by successive adjudications of this court:

1. That although the administrator of a principal in a note may defeat the recovery upon the note by the plea of the statute of limitations, yet the exoneration of such administrator does not relieve the sureties of his intestate from liability. *Bank* v. *Campbell*, 7 Yer., 353.

2. That although the administrator of a deceased principal debtor on note may by the statute of limitations defeat the creditor's recovery against him, yet when the surety on such a note is compelled to pay

the debt, such surety then has a cause of action against such administrator for the amount so paid. That this cause of action commences in point of time and is founded upon the payment of the debt by him. *Marshall* v. *Hudson, Adm'r*, 9 Yer., 57.

3. That where one of two co-sureties pays a judgment recovered against him, he may have his motion against his co-surety's executor for contribution, within two years from the time he paid the judgment, although more than two years had elapsed from the time of the rendition of the judgment against him, and as it appears, more than two years from the qualification of the executor of the deceased co-surety had elapsed. The cause of action is the payment of the judgment, and the statute of limitations only begins to run from that time. *Maxey* v. *Carter*, 10 Yer., 521.

In the case of *Goss* v. *Gibson et al.*, complainant filed his bill against his co-sureties for contribution. Complainant and defendant were all co-sureties of one Marshall. In December, 1842, all the defendants were declared bankrupts and discharged from all their debts and liabilities.

In September, 1843, judgments were rendered against the complainant upon claims upon which he and defendants were co-sureties for Marshall, and complainant was compelled to pay them, and then filed his bill for contribution as above stated. Defendants insisted that they were discharged from all liability on said claims by their certificate in bankruptcy. And so they were. But this court held, that at the time of their discharge in bankruptcy the complainant had

no debt or demand against them, and the certificate of discharge in bankruptcy was no protection against complainant's right to recover—8 Hum., 197—that although they were discharged from the debt to the original creditor, when complainant paid that debt as surety, his right of action accrued against them.

In *Kerr* v. *Clark*, Clark offered Smith as a witness, he and Smith being co-sureties on the note sued on. Smith was not sued and was discharged in bankruptcy from all liability for his debts. He was allowed to testify over plaintiff's objection in the circuit court, and verdict and judgment were for defendant, and plaintiff appealed to this court. This court said: "It is true Smith had been discharged in bankruptcy, and as between himself and the holder of the note he was under no responsibility, but should Clark be compelled to pay this debt as surety, he will then have a right of action against Smith for contribution. Clark's right of action would accrue after the discharge in bankruptcy of Smith, and of course would be unaffected by that discharge." 11 Hum., 77.

In these cases the defendants were discharged from the original debts. But the payment of their co-surety gave a cause of action notwithstanding.

Certainly the right to plead the statute of limitations, which we can see would be a good defense to the original obligation, can contribute no higher or better defense against the action of the co-surety, than the actual discharge from such original debt.

The surety's right who has paid the debt of his co-surety to recover, therefore, does not depend upon

the payment of the debt which they were jointly bound to pay at the time the payment was made; but upon the fact of their being co-sureties in the obligation which one has been obliged to pay. And when he has paid it and not before, he has a cause of action. Before judgment or payment one co-surety has no right of action against the other—afterwards he has, by the express terms of the statutes and the repeated adjudications of this court. Up to such event they both stand as to each other upon a plane of perfect equality. Their creditor may sue either or both, at his option. They cannot dictate to him, and if he sues one and obtains satisfaction out of him only, then such surety has his remedy against his co-surety.

In 3 Pars. on Con., 91, it is said: "If a surety pays for his principal, the statute begins to run from his first payment for his principal, but as to his claim on a co-surety for contribution, it does not begin when he begins to pay, but only when his payments amount to more than his share." And again: "The contract upon which the assumpsit is founded, dates *from the time when the relation of co-surety or co-obligor is entered into;* although the cause of action does not arise until the payment. Hence the discharge of one of the joint debtors, (by whatever cause) from his direct liability to the creditor, does not relieve him in law any more than in equity from his obligation to indemnify such of the remaining joint debtors as have borne more than their original proportion of the debt." 1 Pars. on Con., 35–6.

"A party acquires a right to contribution as soon

as he pays more than his share, but not until then; consequently the statute of limitations does not begin to run until then." *Ibid*, 36.

The judgment of the Circuit Judge dismissing plaintiff's action is erroneous and is reversed, and the plaintiff is entitled here to judgment for one-third of the judgment and interest and costs recovered off him.