5L 115|
3pi 230|

JOHN RILEY v. RHEA et al.

SURETIES. *Contribution at law.* A surety on the bond of a defaulting clerk, whose property has been sold to satisfy the default, is entitled by summary proceeding by motion to judgment of contribution against all his co-sureties only *pro rata*, without regard to the fact of the insolvency of any one of them.

FROM SULLIVAN.

Appeal from the Chancery Court at Blountville. H. C. SMITH, Ch.

BUTLER & McDOWELL for complainants.

W. V. DEADERICK and W. D. HAYNES for defendants.

FREEMAN, J., delivered the opinion of the court.

This case is as follows: Yeates had been clerk of the county court of Sullivan county. A judgment was rendered against him and his sureties for $1,100, for moneys in his hands unaccounted for. Execution issued against the parties, and upwards of $600 of said judgment were paid by a sale of Riley's land, he being one of the sureties. Thereupon, on motion, he asked for judgment over against his co-sureties, by way of contribution, for their *pro rata* of the excess thus paid. By agreement of counsel, it was admitted that a number of the sureties were insolvent, and

therefore it was unnecessary to have judgment against them. Judgment, however, was taken against the supposed solvent sureties. A portion of them paid the amount adjudged against them, but a portion failed, and the sheriff made return of no property to be found as to them. Thereupon a motion was made for judgment against the solvent sureties for their *pro rata* of this balance thus uncollected. Judgment was had, from which there is an appeal to this court.

The right to a judgment by motion is given by the Code, secs. 3625, 3625a, act of 1870–71, in favor of a surety against his co-sureties. The language of these sections is, he shall have "judgment on motion against all other parties to the instrument for *the ratable share of each.*"

The motion, by sec. 3633, may in all cases be made in the court by whom the judgment was rendered.

What is the ratable share of each co-surety in a case like this, is the question.

At law the rule is, that if one or more sureties are insolvent, the recovery is only an aliquot part of the whole as against the others, regard being had to the number of the sureties. But in equity, where the surety pays the debt, he can compel the solvent sureties, by a bill, to contribute to the payment of the entire amount so paid; and this is given as a reason why the jurisdiction in equity is more favorable than at law. See 1 Lead. Cas. in Eq., top p. 136; notes to case of *Deering* v. *Earl of Winchelsea.* It would be an incongruous ruling, to say that under

Riley *v.* Rhea.

the same statute one court should give one judgment, the other a different one.

The language of the statute is evidently intended to cover the legal rule, that is, the ratable share of each as it appears from the face of the instrument. It certainly was not intended that in a summary proceeding by motion the rules that govern equitable contribution should be applied, and the equities of the sureties growing out of death or insolvency should be gone into. We therefore hold, that where the motion is resorted to, it can only be for the ratable share of each as shown by the face of the instrument and number of parties to it.

If other equities arise by insolvency, then the party who seeks the benefit of them must resort to a bill in chancery for contribution, where the questions on which the relief is asked may be fully investigated on pleadings raising the proper issues.

The result is, the judgment must be reversed and motion dismissed, with costs, without prejudice.

TURNEY, J., dissents.