Glass *v.* Williams.

THOMAS GLASS *v.* PATIENCE WILLIAMS, *et al.*

1. SURETIES. *Statute of limitations. When it begins to run.* The statute of limitations begins to run against sureties from the payment of the judgment, and not from the rendition thereof.

2. STATUTE OF LIMITATIONS. *Process. Want of proper party.* Until there is a proper party against whom process can issue, the statute does not begin to run.

FROM WEAKLEY.

Appeal from the Chancery Court at Dresden. JNO. SOMERS, Ch.

C. M. EWING and N. N. EDWARDS for Glass.

M. D. CARDWELL and JOHN R. THOMASON for Mrs. Williams.

Glass v. Williams.

FREEMAN, J., delivered the opinion of the court.

The question in this case is, whether the complainant, as stayor of two judgments against A. S. Williams, the ancestor of the sole appellant, Robert M. Williams, is entitled to have the land descended sold to pay or re-imburse him for a payment made on these judgments in 1880, under compulsion of an execution. The facts to be noted are, that the judgments were rendered in February, 1860, on notes executed some years before, and both were stayed by complainant Glass. Williams, the principal, died in the fall of 1860, and W. R. Ross was appointed his administrator, in November of that year, who duly suggested the insolvency of the estate in May, 1861, with notice to creditors to file their claims before September, 1861. The judgments now in contest were not filed, and the estate has been finally settled in the county court, coming out in debt to Ross on settlement in the sum of fifty-six dollars and ninety-six cents. All claims have, however, been paid but these, or are barred by statute of limitations, and the Referees report nothing left to pay debts except this land.

The judgments were originally in favor of Ruther Parham, who died in 1870, and had for his administrator, W. R. Reavis. Reavis, on May 8, 1874, instituted proceedings to revive these judgments against complainant before a justice of the peace, which were taken by appeal to the circuit court, where such proceedings were had that a revivor was had and execution ordered to be issued against complainant,

February 23, 1876, under which he paid the debt as stated. The chancellor decreed the land liable, and Referees report for affirmance.

The exceptions are, first, that the statute of limitations is a bar, because the complainant had a cause of action the moment a judgment was rendered against him—we suppose it is meant the judgment of revivor. We have held, however, that the statute did not begin to run against sureties when they had paid the debt till such payment: 7 Bax., 120, and cases cited. So, that if there is nothing else to interfere, the right of the complainant can not be defeated.

Ross, the administrator of Williams, died in 1875. There was no administrator or personal representative in existence at the time the right of action accrued to complainants, and none till the appointment of himself, in 1880, this bill being filed in that year. It is settled by a general current of authority, that the statute does not begin to run or a "cause of action accrue" in its proper sense, until there is a person by or against whom process can issue: Wait's Act. and Def., vol. 7, and cases there cited.

It is insisted, however, in argument, that complainant is estopped to assert his claim in this case, because he filed a plea of *non est factum* in the revivor proceedings, in which he denied he was stayor at all. This question might present more or less difficulty if it was properly raised by exception, but we find no such exception to the Referees' report, and therefore can not, under our decisions, notice it.

The exception that personalty was paid over to the

widow, probably for her year's support, sufficient to have paid this debt, is one we can not notice, because of no reference to the record showing the facts asserted and none in the brief. We have so often held we can not notice such exceptions, that we must adhere to these rulings.

Affirm report and decree with costs.