SIMS *v*. MARTIN *et al.*

(*Nashville*, December Term, 1945.)

Opinion filed June 1, 1946.

R. R. HAGGARD, of Waynesboro, for MARTIN.

C. L. BOYD, of Waynesboro, for Sims.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a direct appeal here from a decree of the chancellor dismissing complainant's bill. The complainant

sought to recover the sum of $224 by contribution from the administrator of his cosurety. The cause was tried on a stipulation of facts.

The defendants relied upon section 8610 of Williams Code and this defense was sustained by the chancellor. This section provides: "All actions against the personal representative of a decedent, for demands against such decedent, shall be brought within seven years after his death, notwithstanding any disability existing; otherwise they will be forever barred."

On August 31, 1935, judgment was rendered in favor of the Clifton State Bank against J. E. Martin, J. S. Sims, the complainant, and D. J. Martin, the decedent, for $276.85 and costs. This judgment was not paid after three executions had been issued. D. J. Martin died in October, 1936, and both complainant Sims and Martin, and the latter's estate, have been and are insolvent.

Before the judgment above referred to was barred by the statute of limitation of ten years, complainant paid the judgment in full and brought this suit seeking contribution upon his claim which he contends did not exist prior to the date of such judgment on August 18, 1945.

The chancellor in his opinion said: "The general rule is that where different persons are equally bound as sureties or otherwise to pay the debt of another, and the debt is discharged by one of the parties, the others liable may be forced to contribute their pro rata share. *Goss* v. *Gibson,* 27 Tenn. 197; *Keer* v. *Clark,* 30 Tenn. 77; *Crowder* v. *Denny,* 40 Tenn. 359; *Ross* v. *Williams,* 58 Tenn. 410; *Reeves* v. *Pulliam,* 68 Penn. 153; *Riley* v. *Rhea,* 73 Tenn. 115; *Byram* v. *McDowell,* 83 Tenn. 581; *Gross* v. *Davis,* 87 Tenn. 226, 11 S. W. 92, 10 Am. St. Rep. 635."

It is insisted on behalf of complinant that he and D. J. Martin (now deceased) were equally bound on the original

judgment; that complainant, before the date of the expiration of said judgment, paid it in full, and within said ten-years period filed this bill.

Asserting his contention, complainant relies upon the case of *Glass* v. *Willams,* 84 Tenn. 697, 699, wherein the Court said: "We have held, however, that the statue did not begin to run against sureties when they had paid the debt till such payment: [*Reeves* v. *Pulliam*] 7 Baxt. (119) 120 (66 Tenn. 119, 120,) and cases cited. So, that if there is nothing else to interfere, the right of the complainant can not be defeated."

Complainant insists that although section 8610 of the Code set up the seven-year statute of limitations for demands against a decedent's estate, yet this statute has no application because complainant's cause of action did not accrue until he paid the note; and he insists, therefore, that he comes within the rule laid down in *Reeves* v. *Pulliam,* 68 Tenn. 153 (same case reported in 66 Tenn. 119), and *Glass* v. *Williams, supra.* In the former case, 68 Tenn. at page 155, 156, the Court said: "The statutes clearly give the co-surety the right to the motion upon the payment of the judgment as a distinct and substantive cause of action. And the statute of limitations would only run against such cause of action from the time it accrued, and that time would be when the judgment was paid."

In the case just quoted from, as in the instant cause, the seven-year statute was relied upon, and at page 158 of 68 Tenn. the Court further said: "The cause of action is the payment of the judgment, and the statute of limitations only begins to run from that time. *Maxey* v. *Carter,* 18 Tenn. 521."

And again, 68 Tenn. at pages 159, 160, the Court said: "The surety's right who has paid the debt of his co-surety

to recover, therefore, does not depend upon the payment of the debt which they were jointly bound to pay at the time payment was made; but upon the fact of their being co-sureties in the obligation which one has been obliged to pay. And when he has paid it and not before, he has a cause of action. Before judgment or payment one co-surety has no right of action against the other—afterwards he has, by the express terms of the statutes and the repeated adjudications of this court. Up to such event they both stand as to each other upon a plane of perfect equality. Their creditor may sue either or both, at his option. They cannot dictate to him, and if he sues one and obtain satisfaction out of him only, then such surety has his remedy against his co-surety.''

It appears that the ten-year statute as to liens and judgments had not run when the present suit was commenced. The original judgment creditor could have enforced his judgment any time within the ten years. The proceedings by the surety against his cosurety could, therefore, not be said to work any hardship on the defendants or to prolong the time beyond the ten-year period.

It results that the decree of chancellor is reversed and judgment will be entered for amount sued for, with interest and cost.

GREEN, C. J., not participating.