Harold Butler, Administrator, Estate of Shirley W. Butler, Appellant,

*v.*

Orlie Trentham and Wayne Ogle, Appellees.

458 S.W.2d 13.

(*Knoxville*, September Term, 1969.)

Opinion filed January 19, 1970.

As Modified on Rehearing September 3, 1970.

ROBERT L. OGLE, JR., OGLE & OGLE, Sevierville, for appellant.

EARL R. HENDRY, HENDRY & SYKES, Gatlinburg, and Associate Counsel T. M. WYNN, JR., WYNN & WYNN, Sevierville, for Orlie Trentham.

H. DENNIS JARVIS, JR., HAILEY, WATERS, & JARVIS, Sevierville, for Wayne Ogle.

Mr. Special Justice C. Howard Bozeman delivered the opinion of the Court.

This is a case for contribution. The Appellant is the Administrator of the Estate of Shirley W. Butler. A Demurrer to the Declaration filed by the Appellant was sustained by the Trial Court dismissing the case. It is from this action that the appeal was perfected.

Shirley W. Butler and the two Appellees, Orlie Trentham and Wayne Ogle, served as the three Commissioners of the Pigeon Forge Utility District from its inception in 1952 until it ceased operation and its function transferred to the City of Pigeon Forge, Tennessee, in April, 1963. Mr. Butler served as President and Treasurer during the period the District was operated. Mr. Trentham served as Secretary. The Pigeon Forge Utility District was created under Title 6, Ch. 26 of T.C.A. in 1952. Its purpose was to furnish water and it began this service in 1959.

After the City of Pigeon Force took over the operation of the District, the City sued Mr. Butler for $10,-907.72 and did not make the Appellees herein Defendants in that suit. The City charged Mr. Butler with assuming operation of the financial affairs of the District, collection of accounts, maintenance of books and disbursements of the monies of the District. It was alleged that on June 30, 1962 an audit disclosed shortages and losses in the District's funds, and that the shortages were due to the

negligence of Mr. Butler to exercise the proper diligence, prudence and caution in handling the District's funds; that the financial records revealed monthly shortages which fact was known or should have been known by Mr. Butler who did nothing affirmative to prevent or recover the loss of the District's funds; that periodic audits of the District's financial records which would have revealed the shortages so corrective measures could be taken to avoid losses were refused by Mr. Butler. These acts and others constituted negligence, it was contended.

In the former case against Mr. Butler the Trial Court held in favor of Mr. Butler. That Judgment was reversed on appeal and a Judgment was entered against Mr. Butler by the Court of Appeals, Eastern Division, in an Opinion filed September 12, 1966, for the full amount of loss claimed by the City plus costs making a total Judgment of $11,320.27. This Judgment was paid by Mr. Butler subsequent to the entry of the Judgment.

On the 10th day of March, 1967, Mr. Butler died and the Appellant was appointed Administrator of his estate. On July 26, 1967 the instant suit was instituted for the benefit of the estate.

The Appellant substantially states the above facts in his Declaration. He avers that the Declaration in the former suit "contained a two count Declaration wherein they (the City) sought damages from the Defendant based on negligence of the said Defendant, Butler, in operating the business of the said Pigeon Forge Utility District and the second count for the conversion of funds."

Although the Declaration is somewhat inartfully drawn the substance of its contention seems to be that the Ap-

pellees, as joint Commissioners with Mr. Butler, were charged with the same duty to exercise due care in the management of the financial affairs of the District as was Mr. Butler, that they failed to exercise that care and that they therefore shared with Mr. Butler the responsibility for the losses incurred in the District's operation. Reading the Declaration as a whole, it seems to propose that there is vicarious liability because of the relationship of Mr. Butler and the two Appellees as Commissioners of the Utility District, resulting from the joint responsibility to operate the District as provided in T.C.A. Sec. 6-2601, et seq. The Declaration states that Appellant seeks contribution from the Appellees in the amount of two-thirds of the Judgment against Mr. Butler or $7,500.46.

Appellees filed a Plea in Abatement to the Declaration on the ground that the Declaration showed on its face that Mr. Butler died on March 10, 1967, and suit was instituted on July 26, 1967, said death occurring prior to the commencement of this action and, judgment and payment of same on which the instant suit is based was made by Mr. Butler during his lifetime and not out of his estate; therefore, any cause of action Mr. Butler might have had abated upon his death since it was not commenced during his lifetime, Appellant Demurred to the Plea in Abatement and the Demurrer was sustained by Circuit Judge, George R. Shepherd.

Appellees then filed a Demurrer to the Declaration based on the identical grounds of the Plea in Abatement. The Demurrer was sustained by Circuit Judge, J. H. Spencer, sitting by designation as interchange for Judge Shepherd. In sustaining the Demurrer, Judge Spencer filed a Memorandum Opinion which states:

"It seems to the Court that before the plaintiff could recover in this case, he would have to show that the defendants, either or both of them were also guilty of negligence as the Court of Appeals found the defendant negligent. I do not believe the mere fact that they were commissioners of the District along with the plaintiff's decedent that this would afford him the right to contribution until plaintiff showed that they were guilty of negligence in that they failed to exercise due care, prudence and diligence in handling and management of the financial affairs of the district. The declaration bases the suit on the premise that they were guilty of nonfeasance."

\* \* \* \* \* \*

"The Court is, therefore, of the opinion that this cause of action is ex delicto and did not survive the death of Shirley W. Butler and abated upon his death."

In a Motion for a New Trial which was denied, the Appellants contend, inter alia:

"3. The court erred in finding that in order for plaintiffs to recover in the case, the plaintiff would have to show that the defendants or either of them were also guilty of negligence."

The primary question before us on this appeal is whether or not any action Shirley W. Butler has against Appellees for contribution survived to his personal representative after his death. We conclude that the action did survive. The answer depends upon the nature of a suit for contribution.

At common law, suits ex contractu in nature generally survived the death of either party, while in varying degree actions ex delicto did not. 1 Am.Jur.2d, Abatement,

Survival, and Revival, Sec. 57; 1 C.J.S. Abatement and Survival secs 137, 138. The rule of abatement at death has never been favored in the Courts of this state. *Harris v. Nashville Trust Co.*, 128 Tenn. 573, 581, 162 S.W. 584. It is now abrogated by Statute, T.C.A. 20-602. At the time this cause of action arose, the 1967 Amendment T.C.A. 20-602 had not been passed, and if the instant action is ex delicto, it would have abated when suit had not been filed prior to the death of the party as contended by the Appellees.

In essence, the argument of the Appellees is that the liability, if any, of the Appellees for their conduct as Commissioners of the Pigeon Forge Utility District, whether based on a "contract" of public office or upon the breach of a standard of care imposed under principles of tort law, must have had its genesis in the wrongful acts of Appellees and that, therefore, an action to recover on that liability must be ex delicto in nature. Such is the case in determining the liability of the Appellees in a case by the Utility District or their successors in title, but that is not the situation here.

It is clear that in no measure is a suit for contribution an action ex delicto. It is an independent right, inherently equitable in nature. It is an individual and personal right. It is not founded on contract and is not contractual in nature, and where it is allowed between joint tort-feasors, it does not sound in and is not based on tort. It rests rather on principles of equity and natural justice. 18 Am. Jur. 2d, Contribution, Sec. 3-4; 18 C.J.S. Contribution sec. 2.

"The right of contribution accruing upon payment of a judgment by one of several joint tortfeasors against

whom it was decreed, is not an ex delicto right but an equitable one. *Powell v. Barber,* 96 Ga.App. 592, 101 S.E.2d 113."

"The right to contribution is * * * an equitable right that arises in certain relationships." *Fontenot v. Roach* (D.C.Tenn.) 120 F.Supp. 788.

Although originally a purely equitable matter, contribution long has been allowed in law courts, on the contract implied in law or fact. 18 Am.Jur.2d, Contribution, Sec. 5; 18 C.J.S. Contribution sec. 13. This fiction is no longer considered necessary. In Tennessee the action has been allowed at law as an action of debt or indebitatus assumpsit. *Hickman v. Searcy—Executor,* 17 Tenn. 47, 48 (1836). While originally there was a difference in the relief between an action for contribution at law and in equity that difference no longer exists and the equitable principles apply in both instances. *Central Bank & Trust Co. v. Cohn,* 150 Tenn. 375, 264 S.W. 641 (1924); *Riley v. Rhea,* 73 Tenn. 115, 116 (1880); *Gross v. Davis,* 87 Tenn. 226, 11 S.W. 92 (1889); *Moody v. Kirkpatrick, Jr.,* 234 F.Supp. 537 (1964); *Cohen v. Noel,* 165 Tenn. 600, 56 S.W.2d 744 (1933); *Davis v. Broad Street Garage,* 191 Tenn. 320, 232 S.W.2d 355 (1950); *American Gas Co. v. Billingsley,* 195 Tenn. 448, 260 S.W.2d 173 (1952).

■ The sole ground of the Demurrer and the ground upon which it was sustained in the Court below was that the suit abated upon the death of Mr. Butler because it was ex delicto in nature. We hold that a suit for contribution is, whether in equity or at law, not ex delicto in nature; it is a separate and distinct action and survives

536

the death of the holder of that right. We hold the Trial Court erred in sustaining the Demurrer.

■ However, on examining the Declaration in this cause, we conclude that the Declaration must be dismissed on another ground. The Declaration does not allege any acts of negligence on which an action for contribution between joint tortfeasors can be maintained. We conclude that the instant case is clearly a case for contribution between joint tortfeasors.

Even though the motion for a new trial filed by the Appellants was improper since such a motion is unknown in cases of this kind, we have made reference to it elsewhere in this Opinion because it clearly indicates the contention of the Appellant that the Appellees' liability for contribution results only from the relationship between the Appellees and Mr. Butler as Co-Commissioners of the Utility District without the necessity of showing that the Appellees were also guilty of negligence. The Declaration reflects the same contention. Paragraph V of the Declaration states "Plaintiff (Appellant) avers that it was a joint and several responsibility of all members of the Board in the operation and conduct of the affairs of the municipal district and board. That as aforesaid the deceased and the defendants were members of the board."

■ We know of no holding that the relationship between public officials serving as Commissioners in any governmental organization establishes vicarious liability for the negligence or misfeasance, malfeasance or nonfeasance of other Commissioners so as to order contribution per se. While each Commissioner might be found liable to third parties who sustained losses as the

result of the negligent action or inaction of the Board of Commissioners, as between Commissioners themselves in a suit for contribution, the rules applicable to joint tortfeasors would apply.

It results that the Order of the Trial Court in sustaining the Demurrer is overruled and the case is dismissed for the reasons stated in this Opinion. All costs will be taxed against the Appellant.

DYER, CHIEF JUSTICE, CRESON and McCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.

OPINION ON PETITION TO REHEAR

MR. SPECIAL JUSTICE C. HOWARD BOZEMAN.

There has been filed on behalf of the Appellant an earnest Petition to Rehear, and we have carefully re-examined our Opinion and the record in this cause. The Petition makes the point that the Trial Court sustained the Demurrer on the ground that a suit for contribution is ex delicto and did not survive the death of Shirley W. Butler and abated upon his death, while this Court dismissed the Appeal on the ground that the Declaration does not allege any acts of negligence on which an action for contribution between joint tortfeasors can be maintained. It is argued by the Appellant that the Court erred: (1) in holding that the Declaration lacks sufficient allegations of acts of negligence of the Defendants justifying a judgment for contribution between joint tortfeasors; and, (2) in dismissing the Declaration for the failure to allege acts of negligence on the part of the Defendants when this was not contained in the Demurrer filed by the Defendants.

The first ground on which the Petition to Rehear is based is without merit and it is fully and completely answered in the Original Opinion.

Consideration was given to the second ground on which the Petition to Rehear is based before the Opinion was written, and it was decided on the state of the record and on authority that the question whether the Declaration alleged facts making an actionable case for contribution between joint tortfeasors was before the Trial Court when the Petitioner filed a Motion for a new trial contending inter alia that ''The Trial Court erred in finding that in order for Plaintiffs to recover in the case, the Plaintiff would have to show that the Defendants or either of them were also guilty of negligence.'' It is worth mentioning that this construction of the Declaration seems to us to have been insisted upon by the Appellant when his entire argument before the Court is based on the liability of the Defendants for contribution on the principle of vicarious liability resulting from the relationship of the parties as joint Commissioners in contract, expressed or implied, or based on tort.

█ The Petitioner now earnestly insists that had the Appellees asserted that the Declaration lacked sufficient allegations stating a cause of action against joint tortfeasors before the Trial Court, the Petitioner would have been permitted to amend; therefore, he respectfully insists that the cause be remanded to the Trial Court for that purpose so he can have a trial on the merits. We do not know from the record before us what acts of negligence by the Defendants can be alleged and proven as required in contribution between joint tortfeasors. We are of the opinion that if such facts exist we should not

simply dismiss the case with the prejudice that would follow such an adjudication. Under the authorities including T.C.A. 27-329 and Gibson's Suits in Chancery, Sec. 1404, it is proper for this Court to remand a cause with leave to amend where justice requires it.

It results that the cause is remanded with leave to amend in compliance with the provisions of the Opinion. Our Original Opinion is so modified. The costs of the appeal will be taxed against the Appellant.

DYER, CHIEF JUSTICE, CRESON and McCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.