**Beecher O. PHILLIPS, Appellee,**

v.

**FLEETGUARD DIVISION OF CUMMINS ENGINE COMPANY and Liberty Mutual Insurance Company, Appellants.**

Supreme Court of Tennessee.

May 15, 1972.

Ward DeWitt, Jr., Trabue, Minick, Sturdivant & Harbison, Nashville, for appellants.

Elmer Dean Langford, Langford, Mitchell & Langford, Cookeville, for appellee.

ROY A. MILES, Special Justice.

This is a Workmen's Compensation case which is here on appeal by defendants from the decree of the Chancery Court of Putnam County, Honorable Scott Camp, Chancellor, wherein complainant, Beecher Phillips (Appellee herein) was awarded a recovery for total and permanent disability. Complainant, a forty-four year old man, testified that he suffered the injury in question while at work on February 16, 1970, and that, while lifting a 130 pound

container, before other employees reported for work, he felt a numbness in his right side, began trembling and sweating; he sat the container on a truck, buggy or dolly he was using to transport the container elsewhere in the plant and walked to the coffee machine. Presently he became disabled but, by holding on to a rack for assistance, he returned to his department. Several other employees were also gathered near the coffee machine but complainant did not know who they were and it does not appear that they offered any assistance. After about an hour's wait, the company nurse and foreman arrived on the scene, examined him and accompanied him to Cookeville General Hospital in an ambulance. There he was attended by the company doctor (Dr. Taylor) for some fifteen to eighteen days; whereupon, he was transferred to Mid-State Baptist Hospital in Nashville, where he was referred to Dr. Benjamin Fowler and one of his associates. Over defendants' objection, the court permitted complainant to testify from this hospital's bill that he was admitted February 24, 1970 (eight days after the injury instead of eighteen) and was released March 12, 1970. Neither the nurse, the foreman, Dr. Taylor, Dr. Fowler nor Dr. Fowler's associate was called to testify.

After being released from Mid-State Baptist Hospital and without consulting his employer, complainant chose to consult Dr. Donathan Ivey, who hospitalized him again in Crossville, Tennessee on April 9, 1970. Dr. Ivey is the only medical witness who was called to testify. Still later and again without consulting his employer, complainant chose to consult Doctors Grime, Collins and Crain who again hospitalized him from October 26, 1970 to November 9, 1970. Neither of these doctors were called to testify.

Complainant testified that some fifteen or sixteen years before the alleged injury of February 16, 1970, he suffered a back injury while working in Findlay, Ohio, for which he accepted approximately $1,000.00 compensation on a 15% rated disability;

another one about a year later for which he received $6500.00, on a 65% rated disability; another one in 1962 for which he was treated by Dr. Ivey and, still another one in 1966. In addition to the foregoing back injuries, complainant suffered other misfortunes and injuries that were unrelated to Workmen's Compensation claims, as well as another back injury in 1967 which resulted in litigation that was settled out of court for $5,594.00 on a claim of 30% disability. Thus, it is represented that, in addition to the total, permanent disability claimed in this proceeding, complainant suffered total, permanent disabilities of his body as a whole, aggregating 110%.

Notwithstanding the foregoing series of claims and disabilities, complainant denied that he had had any previous back injury when he applied for employment with the defendant and admittedly misrepresented these facts in his application for employment and it does not appear that defendant had any information to the contrary.

The transcript of proceedings in the trial court begins with a discussion between the court and counsel concerning one issue presented here, to-wit the item of medical expense reflected in Dr. Ivey's bill, from which discussion it is obvious that there was no stipulation between counsel as to the admissibility of this evidence; on the contrary, it was admitted over defendants' objection. In this connection the Chancellor addressed counsel at the beginning of trial, as follows: "I'll hear the case; and if you need to at a later time, I will permit you to introduce proof in regard to Dr. Ivey's medical bill * * * * * I would not think the case should be postponed". Throughout the transcript it is noted that all attempts to introduce evidence of medical expenses by complainant's testimony were objected to by defendants' counsel but it was nevertheless all admitted. Without objection, the business manager of Cookeville General Hospital testified that the bill from the radiologist, Dr. Williams for $10.00 is correct and the hospital's bill for $468.65 is correct according

to a summary of charges from which she testified. The itemized bill was not presented and this witness did not attempt to testify concerning the reasonableness of the charges. It affirmatively appears that these charges, as well as other medical expenses, have not been paid.

Defendants' first assignment of error is that complainant should be barred from recovery by complainant's misrepresentations and false statements concerning his physical conditions and previous medical history.

Defendants' second assignment of error complains of the Trial Court's error in finding complainant suffered permanent and total disability, unsupported by expert medical testimony.

Defendants' third assignment of error complains of the court's admission of hearsay evidence to support complainant's claim for reasonable medical expenses.

Considering these assignments in reverse order, we find that the Chancellor was in error by admitting and considering the accuracy and reasonableness of medical expenses through the testimony of complainant. The very fact that testimony was offered concerning one item of medical expense is indicative that competent evidence was available but in all instances except one, defendant was denied his inherent right to cross-examine witnesses concerning the accuracy and reasonableness of the charges involved; and, in that one instance the witness was not qualified to testify on the important issue of reasonableness. Instead of denying a recovery of this element of damages, we prefer to exercise the discretion conferred by T.C.A. § 27–329 and we order the case remanded for a reassessment of medical expenses that may be found to be recoverable by complainant. It appears that the expenses claimed were in excess of the limits allowable under the Workmen's Compensation Act and that complainant was adjudged an award of the statutory limit.

Defendants' second assignment of error must also be sustained under the principle recently established and invoked by this court in Floyd v. Tennessee Dickel Distilling Co., Tenn., 463 S.W.2d 684, opinion by Mr. Justice Humphreys. We find no competent or material evidence to support the Chancellor's conclusion that complainant herein suffered total and permanent disability; indeed, the only medical witness who testified (Dr. Ivey) was reluctant to confirm this claim. Instead, expressed his professional opinion that complainant obtained maximum recovery in September, 1970 and was able to return to work although he would be apprehensive about the consequences of heavy lifting or undue physical exertion. His reticence is reinforced by complainant's own testimony that shortly before he filed this suit, he applied for re-employment by defendant after extended medical treatment but, was turned down. From the direct, cross and re-direct examinations of this witness and from the entire record, it is clear that complainant was not totally and permanently disabled as a result of the injuries complained of and as contemplated by the Workmen's Compensation Act. We respect the well recognized difference between medical and legal appraisals of the degree of disability that may result from an injury but we are not here concerned with a degree of disability. We must confine our search for material evidence to the issue of TOTAL AND PERMANENT disability. In the absence of medical testimony to that effect, we conclude that defendants' second assignment of error must be sustained; wherefore, that this issue must also be remanded for further hearing and consideration.

T.C.A. § 27–329 established the broad guide lines by which complete justice may be achieved through the process of remanding a case to trial level instead of risking an injustice through the application of harsh and technical rules of procedure. This court had the opportunity of consider-

ing the import and utility of legislative intent contemplated by T.C.A. § 27–329 in the case of Butler v. Trentham, 224 Tenn. 528, 458 S.W.2d 13. In that case, on petition to rehear, the propriety of remand is emphasized in the opinion of Mr. Special Justice Bozeman, with the concurrence of all other members of the court. It is noteworthy that the original opinion of the court, without dissent, was unanimously modified to the extent that "it is proper for this Court to remand a cause with leave to amend where justice requires it". From a composite view of the record now before us, it seems convincing that had the Chancellor been permitted by the state of the pleadings to weigh and consider the issue of misrepresentation, deceit and fraud, a different conclusion would be inescapable. It is apparent that, prior to the trial of this case on its merits, neither the Chancellor nor counsel were fully aware of all of the facts, circumstances and implications of fraud that were to unfold. Of course, defendants could have asked leave of the court to amend at the completion of the evidence to conform the pleadings with the proof. The record is silent on why this was not done. Likewise, it is silent on why competent evidence on medical expenses and total, permanent disability was omitted.

Thus it seems only fair, just and reasonable that both parties should be afforded the opportunity of presenting their respective theories about this dispute in a more complete, efficient and convincing manner. It is therefore the considered and profound opinion of this court that all assignments of error should be sustained and the cause remanded for a thorough re-hearing, with leave for defendants to amend their answer to rely on fraud, deceit and misrepresentation and with leave for both parties to present additional evidence on the issues formed by the pleadings, as amended.

DYER, C. J., and CRESON, HUMPHREYS, and McCANLESS, JJ., concur.