**Mable M. GREENLEE,
Plaintiff-Appellant,**

v.

**CARE INN OF JEFFERSON CITY,
Defendant-Appellee.**

Supreme Court of Tennessee.

Jan. 24, 1983.

William H. Goddard, Dandridge, for plaintiff-appellant.

Clinton R. Anderson, Morristown, for defendant-appellee.

## OPINION

DROWOTA, Justice.

This is a dispute over liability, under the worker's compensation laws, for payment of post trial medical expenses. On December 8, 1978, the Plaintiff filed an action alleging that on January 22, 1978, she sustained an injury by accident arising out of and in the course of her employment with the Defendant, Care Inn of Jefferson City. As a result of the accident, she suffered permanent disability and incurred medical bills in the treatment of that injury. The court heard the matter on December 13, 1979, and entered a judgment on January 14, 1980, for the Plaintiff, awarding her all unpaid medical bills incident to her injury, with the exception of a bill presented on behalf of Dr. William Gutch. The court determined that Dr. Gutch's services were not treatment, but evaluation, and, as such, did not come within T.C.A. § 50–1004.

On May 20, 1981, the Plaintiff filed the action that is now before this Court. She alleged in her petition that, as a result of her previous compensable injury, she has incurred additional medical bills. The Defendant answered that the expenses were not reasonably required, that the bills were for diagnostic services and not treatment, and that the bills were not reasonable in amount. At the conclusion of the testimony presented at the hearing, the chancellor found there was no expert testimony that the treatment was directly related to the previous injury or that the treatment was reasonably necessary. In addition, the court found that the Plaintiff failed to give the Defendant notice of the need for treatment and concluded that without such notice the claim did not come within the purview of T.C.A. § 50–1004. The petition was dismissed. The Plaintiff appeals from this adverse judgment.

We are asked to decide whether the chancellor erred in concluding that the Plaintiff's medical expenses were not recoverable under the statute. Because we think there is no error in the chancellor's conclusion, we affirm the judgment.

■ The case before us is one in which the Plaintiff has simply failed to prove essential elements of her petition. She alleged additional "reasonable medical bills" resulting from the earlier injury. The De-

fendant denied the medical bills were reasonable and it denied the bills were related to the earlier injury. Therefore, it was incumbent upon the Plaintiff to present competent evidence to establish her contentions. As the chancellor noted, there is no material evidence to support any of the Plaintiff's contentions. Only the Plaintiff and her spouse testified at the hearings. No medical evidence was presented in any form, either in deposition or otherwise. In *Phillips v. Fleetguard Div. of Cummins Eng. Co.*, 480 S.W.2d 528 (Tenn.1972), this Court held that expert testimony is needed to establish the reasonableness of medical bills. It is unlikely that a claimant or anyone outside the medical profession would have knowledge of whether medical charges were reasonable. T.C.A. § 50–1004 would make an employer liable for only such charges "as prevail for similar treatment in the community where the injured employee resides."

We also agree with the chancellor that in the absence of any medical testimony about the relation of the treatment to the previous injury, and the need for that treatment, there can be no recovery. The Plaintiff testified that she worked as a waitress for about a month after the first hearing. Without speculating about the possibility of an intervening injury, we remind the Plaintiff of the legal necessity of proving causation. Even though she established the causal link for treatment and expenses at the initial hearing, still she is not relieved of the burden of establishing the link between the previous compensated injury and the additional treatment. The record contains no proof of this most crucial element of Plaintiff's petition. Moreover, the statute obligates the employer to pay for such treatment "as may be reasonably required." Again, we find the record void of any material evidence to support Plaintiff's position on this issue.

■ Although our holdings up to this point are dispositive of this action, we think it appropriate to consider the parties' arguments concerning the notice requirement of T.C.A. § 50–1004. The Plaintiff asserts that the notice she gave to her employer before the initial action was sufficient to justify her seeking additional medical attention, after the conclusion of the first hearing, without further notice. We cannot agree. Though the statute is not entirely clear about the requirement of notice, the intention of the legislature is to allow the employer the opportunity to provide free necessary medical attention to the injured employee. Certainly, if the employer is not apprised of employee's need for medical attention, the employer cannot provide for that attention. And even though the employee may have given notice to the employer concerning some needed treatment in the past, we think the better rule is that the employer be given an opportunity to provide for the treatment each time the employee reasonably requires additional treatment. We do recognize, however, that there may be circumstances, such as an emergency, which would relieve the employee of the duty to give notice before seeking treatment of an occupational injury. *See, e.g., Pickett v. Chattanooga Conval. & Nursing Home,* 627 S.W.2d 941 (Tenn.1982).

The legislature has paired the employer's duty to pay with the right to designate a group of physicians from which the employee may choose. This right allows the employer a chance to select physicians whose reputation and expertise are known to the employer. Such a procedure has the effect of reducing the chances of a dispute over the reasonableness of charges or over the competence of the attending physician. The direct result of all this is that the employee's medical needs are more efficiently provided for. In the present action, the Plaintiff admitted she failed to give notice to the Defendant before incurring the additional medical expenses, and she has presented no evidence of circumstances which might relieve her of that duty.

For the reasons stated above we affirm the chancellor's rulings. The costs of this appeal are to be borne by the Plaintiff.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.