FILED

May 24, 2017

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time 9:20 AM



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**IN THE COURT OF WORKERS' COMPENSATION CLAIMS**
**AT JACKSON**

| | | |
|---|---|---|
| **JOE BUFFORD,** | ) | **Docket No. 2016-07-0110** |
| **Employee,** | ) | |
| **v.** | ) | |
| **NORTHWEST TENNESSEE HUMAN** | ) | **State File No. 55195-2015** |
| **RESOURCE AGENCY,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| **TML RISK MANAGEMENT POOL,** | ) | **Judge Allen Phillips** |
| **Insurance Carrier.** | ) | |

---

## COMPENSATION HEARING ORDER DENYING MEDICAL BENEFITS

---

This matter came before the undersigned Workers' Compensation Judge on May 3, 2017, for a Compensation Hearing. Mr. Bufford requested additional future medical benefits under a settlement agreement dated March 15, 2016. TML, on behalf of Northwest, denied the medical treatment on the ground that there was no causal relation between the need for additional treatment and Mr. Bufford's original injury. Accordingly, the central legal issue is whether Mr. Bufford established by a preponderance of the evidence that the requested medical treatment is reasonable, necessary, and causally related to his original injury. For the following reasons, the Court holds Mr. Bufford did not establish entitlement to the requested medical treatment.

### History of Claim

Mr. Bufford sustained a left shoulder injury while working for Northwest. The carrier, TML, provided medical treatment with Dr. Blake Chandler, who performed surgery to repair a torn rotator cuff. On January 13, 2016, Dr. Chandler placed Mr. Bufford at maximum medical improvement and assessed a permanent impairment rating.

On March 15, 2016, the parties appeared before the Court for a settlement approval. In addition to payment of permanent disability benefits, the settlement agreement provided:

1

Employer agrees to pay for reasonable and necessary authorized future medical expenses which are directly related to the subject injury, pursuant to Tenn. Code Ann. 50-6-204. Dr. Blake Chandler shall be the designated authorized treating physician for future care (or a panel of physicians shall be provided for future care).

Upon determining that the proposed terms secured to Mr. Bufford substantially the benefits to which he was entitled under law, the Court approved the settlement.

Following the approval, Mr. Bufford requested a return appointment with Dr. Chandler for April 13, 2016. Dr. Chandler recorded that Mr. Bufford "presents today status-post rotator cuff repair with complaints of increased pain starting after lifting grandchildren and using a mop at his new job." Dr. Chandler injected Mr. Bufford's shoulder and advised him to return in two weeks. After Mr. Bufford reported no improvement, Dr. Chandler recommended an MRI. On May 18, 2016, Dr. Chandler noted the MRI was "positive for [a] partial rotator cuff tear."

Before Mr. Bufford's next appointment, Dr. Chandler responded to an inquiry from TML regarding causation by stating:

Mr. Bufford is a patient of mine that I have been treating for a work related injury sustained to his left shoulder. I cannot say with 100% medical certainty that his new injury is related to his original injury because he was not employed at the time of the new injury.

After receiving that correspondence, TML denied further medical treatment.

Mr. Bufford then filed a Petition for Benefit Determination, in which he stated: "When they [TML] made the settlement with me they gave me life time medical and so I started hurting in my shoulder again and went back to the doctor now they don't want to pay."

After the parties failed to resolve the issue at mediation, the mediating specialist issued a Dispute Certification Notice and listed under "Defenses" the following: "This is under the Employee's future medical benefits. The ATP has opined he cannot say with 100% medical certainty the current partial rotator cuff tear is related to Employee's original injury."

The case proceeded to an Expedited Hearing, where TML offered the above opinion of Dr. Chandler. Mr. Bufford offered a report from Dr. John Kuhn, a physician he saw on his own. Dr. Kuhn recorded that Mr. Bufford "currently does housekeeping at a nursing home and works and does things at home with grandchildren and a church."

2

Mr. Bufford reported to Dr. Kuhn that, "he has always had pain in his shoulder after [the] rotator cuff repair." Based upon this history, Dr. Kuhn stated Mr. Bufford's "current symptoms are related to his original injury." He recommended Mr. Bufford undergo twelve weeks of physical therapy. Dr. Kuhn concluded that Dr. Chandler should "manage all of those issues, since he has been the treating physician," and because he, Dr. Kuhn, had seen Mr. Bufford only for a second opinion.

TML argued the statements of Dr. Kuhn indicated he neither had a full history of Mr. Bufford's activities after the original injury nor did he have "the benefit of Dr. Chandler's records showing a subsequent injury." Because Dr. Chandler is "most familiar with Bufford's clinical history," his opinion should "be given much more weight than Dr. Kuhn's single visit where he rendered an opinion without being privy to all of the facts and circumstances surrounding Bufford's complaints."

Following the Expedited Hearing, the Court denied Mr. Bufford's request for additional medical benefits. The Court presumed Dr. Chandler's opinion was correct because he was the treating physician and held Dr. Kuhn's opinion did not rebut the presumption of correctness attached to Dr. Chandler's opinion. Specifically, because Dr. Kuhn saw Mr. Bufford once and provided no support for his opinion, the Court found Dr. Chandler's causation opinion was the more probable explanation for Mr. Bufford's need for medical treatment. The Court considered the fact that Dr. Chandler had the most contact with Mr. Bufford, and further considered both doctor's qualifications, the circumstances of their examinations and the information available to them. *See Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991).

At the Compensation Hearing, Mr. Bufford offered additional medical records from Dr. Chandler, Henry County Medical Center, and Dr. Heather Melton. On January 11, 2017, Dr. Chandler noted Mr. Bufford had "seen another MD who told him he agreed with me." He advised Mr. Bufford to engage in physical therapy and told him to return in "4 weeks." Records from Henry County Medical Center indicate Mr. Bufford engaged in a physical therapy evaluation on April 12, 2016. The therapist noted Mr. Bufford had "regressed" after earlier progress and now had "marked and debilitating" pain. There was one note from Dr. Melton from March 29, 2016, where she noted Mr. Bufford's injury at Northwest. Further, she "believ[ed] he will most likely require further surgical treatment." Dr. Melton offered no opinion on causation.

For his part, Mr. Bufford testified almost identically as he did at the Expedited Hearing.[1] As pertinent here, he admitted to lifting a grandchild and working as a housekeeper at a nursing home after leaving Northwest. He attributed his pain to the original injury rather than suffering a new type of pain. He also testified he worked only

---

[1] The Court takes judicial notice of the evidence offered at the Expedited Hearing. *See Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 457 n.1 (Tenn. 2012) (a court is permitted to take judicial notice of the facts from earlier proceedings in the same action).

3

two days per week at the nursing home and the work was extremely light. Currently, Mr. Bufford remains under the care of Dr. Melton, and she has recommended surgery on his shoulder. Because he attributed all of his problems to the original injury, Mr. Bufford insisted that the Court compel Northwest to pay for further treatment of his shoulder as it agreed to do under the terms of settlement.

## Findings of Fact and Conclusions of Law

### Standard Applied

At a Compensation Hearing, Mr. Bufford must establish he is entitled to the requested benefits by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2016). The Court again notes Mr. Bufford has chosen to represent himself, which is his right. It is well-settled, however, that unrepresented litigants must comply with the same standards to which represented parties must adhere. *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014).

### Analysis

As at the Expedited Hearing, the sole issue for determination is whether Mr. Bufford is entitled to the requested treatment under the future medical benefits provision of the settlement agreement. Again, the Court must hold he is not.

In claims for post-settlement medical treatment, the employee has the burden of establishing the link between the original injury and any need for additional treatment. *Greenlee v. Care Inn of Jefferson City*, 644 S.W.2d 679, 680 (Tenn. 1983). Mr. Bufford must show, to a reasonable degree of medical certainty, that the incident "contributed more than fifty percent (50%) in causing the . . . disablement or *need for medical treatment*, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2016)(Emphasis added). Because he is the authorized physician, Dr. Chandler's opinion regarding causation "shall be presumed correct but this presumption shall be rebuttable by a preponderance of the evidence." *Id.* at § 50-6-102(14)(E) (2016).

Dr. Chandler stated he could not "say with 100% medical certainty" Mr. Bufford's current complaints are related to his original injury. However, Mr. Bufford does not have to prove his current need for medical treatment was caused "100%" by the original injury. Instead, he must show a fifty percent or more causal connection. However, even judged against this standard, the Court holds Mr. Bufford did not establish the requisite causal link by a preponderance of the evidence.

The Court first looks to the opinion of Dr. Chandler in which he stated in his letter to TML that Mr. Bufford was "not employed at the time of the new injury," a clear reference to his job at Northwest. Thus, there is an absence of an opinion directly linking

4

the need for treatment to the original incident. Moreover, during his initial evaluation, Dr. Chandler recorded a history that Mr. Bufford suffered "*increased* pain starting after lifting grandchildren and using a mop at his new job." (Emphasis added.) At the Expedited Hearing, Mr. Bufford admitted he lifted a grandchild and used a mop at his new job. Tennessee law has long held that medical proof is not to be "read and evaluated in a vacuum," but instead "must be considered in conjunction with the lay testimony of the employee as to how the injury occurred and the employee's subsequent condition." *Thomas v. Aetna Life and Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991). Moreover, the MRI performed in May 2016 demonstrated an anatomic change; namely, a new rotator cuff tear.

The Court previously found Dr. Kuhn's opinion did not rebut Dr. Chandler's opinion. Hence, it must look to the other medical records submitted by Mr. Bufford at the Compensation Hearing to determine if they rebut Dr. Chandler. The records from Henry County Medical Center are from a physical therapist. A physical therapist is not competent to render an opinion on causation. *Elmore v. Travelers Ins. Co.*, 824 S.W.2d 54, 545 (Tenn. 1992). Dr. Melton's records contain no causation opinion.

The Court finds Mr. Bufford is very sincere in his opinion that TML did not honor the terms of the settlement agreement. However, the determinative question is the legal cause of his need for additional medical treatment. The Court holds the evidence preponderates against a finding that the current need for medical treatment is related to the original injury at Northwest. Accordingly, Mr. Bufford's claim for additional medical benefits is denied.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Bufford's claim against NWTHRA and TML for future medical benefits is denied.

2. TML shall pay the $150.00 filing fee under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2016) directly to the Clerk within five business days of the date of this final order, for which execution may issue as necessary.

3. TML shall file a Statistical Data form within ten business days of entry of this final order.

**ENTERED** this the 24th day of May, 2017.

**Judge Allen Phillips**
**Court of Workers' Compensation Claims**

5

# APPENDIX

Exhibits:
1. Order Approving Workers' Compensation Settlement Agreement (March 15, 2016)
2. Affidavit of Joe Bufford (filed with first Request for Expedited Hearing, Sept. 27, 2016)
3. Affidavit of Joe Bufford (filed with second Request for Expedited Hearing, Oct. 17, 2016)
4. Medical Records of Dr. Blake Chandler
5. Medical Record of Dr. John Kuhn
6. Dr. Chandler record from January 11, 2017
7. Medical Records of Henry County Medical Center
8. Medical Record of Dr. Heather Melton


Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. First Request for Expedited Hearing (file review only)
4. Order For File Review Determination of Expedited Hearing
5. Second Request for Expedited Hearing (in-person)
6. Employer's Response to PBD
7. Employer's Position Statement (pre-hearing brief)
8. Employer's Post-Hearing Response
9. Expedited Hearing Order
10. Post-Discovery Petition for Benefit Determination
11. Post-Discovery Dispute Certification Notice
12. Pre-Hearing Statement of Northwest

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 24th day of May, 2017.

| Name | Certified mail | First Class Mail | Via Email | Service sent to: |
|------|----------------|------------------|-----------|------------------|
| Joe Bufford, Self-Represented Employee | X | X | | 327 North Cherry St. Puryear, TN 38251 |
| Fred N. McLean, Esq., Attorney for Employer | | | X | tina@mcleanlaw.us |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims

7